Calvin SIMON, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 83–1304.

United States District Court,
District of Columbia.

July 17, 1984.

Barry J. Trilling of Trilling & Kennedy, Washington, D.C., for plaintiffs.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and John W. Polk, Asst. U.S. Attys., for defendants.

CHARLES R. RICHEY, District Judge.

Plaintiffs are seeking attorneys' fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), which provides that the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Such an award is not automatic once a litigant establishes his eligibility, but rather is subject to the court's discretion. *Cox v. United States Department of Justice*, 601 F.2d 1, 7 (D.C.Cir.1979). After considering all the relevant factors, the court concludes that an award of fees is not justified in this case and plaintiffs' motion will therefore be denied.

## BACKGROUND

Plaintiffs made two FOIA/Privacy Act requests of the Patent and Trademark Office ("PTO"), one on January 31, 1983, and another on February 2, 1983, seeking documents and records pertaining to Mr. Simon and Mr. Aydt and information on Veterans Readjustment Appointment ("VRA") employees. Although the requests were acknowledged by the agency, no responses

were received and plaintiffs filed suit (Civil Action 83–0727) on March 14, 1983. Also in March, Mr. Simon filed a suit challenging his dismissal from the PTO (Civil Action 83–0846).

In April, the PTO began responding to plaintiffs' FOIA requests and answered plaintiffs' suit. The agency did not claim that the documents were exempt from disclosure. After a hearing on April 27, 1983, plaintiffs dismissed both the FOIA case and Mr. Simon's removal suit at the court's suggestion and filed this action, encompassing the earlier claims and adding a first amendment claim on behalf of both plaintiffs. The PTO continued producing documents in May, June, and July, while plaintiffs twice amended their complaint, enumerating records which had not yet been produced. On July 1st, plaintiffs moved for summary judgment on all FOIA issues, but because defendant produced all the information sought during July, the only FOIA issue remaining for resolution by the court was entitlement to attorneys' fees and costs. After the court ruled on motions concerning plaintiffs' removal and first amendment claims,[1] reserving judgment on the fee question, the current motion for attorneys' fees for work done on the FOIA aspect of the case was filed.[2]

*Plaintiffs must show that they "substantially prevailed" in order to obtain fees*

■ Determining whether attorneys' fees should be awarded under FOIA is a two-step process. First, the court must decide whether a plaintiff is *eligible* for a fee award because he "substantially prevailed," and second, the court must exercise its discretion in examining all the circumstances to decide whether an award is appropriate, in light of the principles underlying FOIA. *Cox,* 601 F.2d at 6–7; *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 710–13 (D.C.Cir. 1977).[3]

■ Here, the court is not convinced that plaintiffs "substantially prevailed," despite the fact that defendants eventually released all of the documents sought. While voluntary disclosure does not preclude a fee award, *Cox,* 601 F.2d at 6; *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509, 513 (2d Cir. 1976), the mere sequence of events—*i.e.,* that production followed the initiation of a suit—does not establish plaintiffs' eligibility for fees. Rather, plaintiffs must show 1) that prosecution of the action could reasonably be regarded as necessary to obtain the information, *Cox,* 601 F.2d at 6; *Vermont Low Income,* 546 F.2d at 513–14, and 2) that there was a causal link between the suit and the release of documents. *Lovell v. Alderete,* 630 F.2d 428, 432 (5th Cir. 1980); *Cox, id.; Vermont Low Income, id.*

■ In this case, both necessity and causation are questionable. Defendants never refused to produce any information to plaintiffs and never invoked any FOIA exemptions as purported obstacles.[4] An

1. In an opinion dated December 28, 1984, the court granted defendants' motion for summary judgment on Mr. Simon's due process claims and refused to grant summary judgment on plaintiffs' first amendment claims or on defendants' claim that plaintiffs are barred from relief for failure to exhaust their administrative remedies.

2. The court granted the motion of plaintiffs' counsel for leave to withdraw on February 28, 1984, and dismissed the case for six months to allow plaintiffs to retain new counsel and move to reinstate the action. At the same time, the court gave plaintiffs' counsel ten days in which to apply for attorneys' fees. Because a dispute subsequently arose between plaintiffs and their former counsel over his continued involvement

for the limited purpose of pursuing their entitlement to fees, the court allowed plaintiffs' former lawyer to intervene with regard to the fee issue.

3. Prevailing parties' entitlement to fees under FOIA is judged by different standards than those that apply under Title VII of the Civil Rights Act of 1964. *Copeland v. Marshall,* 641 F.2d 880, 892 n. 22 (D.C.Cir.1980); *Nationwide,* 559 F.2d at 713–14.

4. Counsel have discussed whether PTO's demand for a search fee and/or plaintiffs' refusal to pay such a fee can account for the delay in releasing records in this case. A review of events reveals that while a search fee and a

agency's failure to comply with statutory deadlines does not automatically imply that suit was "necessary." *Vermont Low Income*, 546 F.2d at 513. *See also Fund for Constitutional Government v. National Archives*, 656 F.2d 856, 871 (D.C.Cir.1981). It is equally plausible, based on the chronology of this case, to assume that routine administrative inertia or unavoidable delay in identifying and assembling the information requested was the reason for defendants' belated compliance. In addition, because plaintiffs were simultaneously pursuing non-FOIA claims concerning matters related to the information sought, it is reasonable to infer that documents would have been produced in any case during the normal course of discovery.

*Plaintiffs are not entitled to fees even if they substantially prevailed*

■ Assuming arguendo that plaintiffs satisfied the threshold for eligibility by having "substantially prevailed," they would still not be entitled to an award of fees under FOIA. The statute's legislative history clearly reveals that the fee provision was designed for limited purposes—as an incentive to good faith administrative disclosure and to encourage suits that benefit the public interest, *LaSalle Extension University v. FTC*, 627 F.2d 481, 484 (D.C. Cir.1980)—not as a reward for all successful litigants. *Nationwide*, 559 F.2d at 711. In exercising its discretion to award fees, the court must consider at least four factors, along with any other relevant circumstances: 1) the benefit to the public, 2) the commercial benefit to the plaintiff, 3) the nature of plaintiff's interest in the records sought, and 4) whether the government's withholding had a reasonable basis in law. *Cox*, 601 F.2d at 7.

Here, the court finds that the benefit to the public from the disclosure of these records is minimal. Plaintiffs' personnel files in particular are of no public interest, nor is the VRA information of substantial public significance. Plaintiffs cannot inflate the importance of their FOIA claims

by association with the other claims in this action pertaining to waste, fraud, mismanagement, and personnel violations at the PTO. While "[t]he release of any government document benefits the public by increasing citizens' knowledge of their government[, ...] Congress did not have this sort of broadly defined benefit in mind." *Fenster v. Brown*, 617 F.2d 740, 744 (D.C.Cir.1979).

Moving to the second and third factors, the court finds that plaintiffs were not motivated by commercial gain in their FOIA action, which cuts in their favor. However, their interests *were* personal, rather than scholarly, journalistic, or public-interest oriented, and it is the latter types of motivations that are most compelling in assessing the propriety of a FOIA fee award. *See Nationwide*, 559 F.2d at 712. Clearly, plaintiffs wanted the PTO information in order to support their other claims: that Mr. Simon's removal was improper and that both he and Mr. Aydt were subjected to improper treatment in retaliation for exercising their first amendment rights. These personal motives would have prompted plaintiffs to pursue the release of documents regardless of the availability of fees under FOIA. *See Fenster*, 617 F.2d at 743.

In assessing the fourth factor, the reasonableness of the government's position, the court finds that while there was undeniably *delay*, there was never any "withholding" of documents. The government never refused to release documents or asserted a frivolous legal defense to plaintiffs' action. *Cf. Fund for Constitutional Government*, 656 F.2d at 871; *Nationwide*, 559 F.2d at 716 (resort to litigation before encountering absolute resistance to disclosure may preclude a fee award). As discussed above, while an agency's failure to meet deadlines is not to be condoned, it does not warrant an award of fees in and of itself. Here, without evidence of bad faith, the court declines to impose a fee award to sanction sluggish agency response. *Cf. LaSalle Extension University*, 627 F.2d at

waiver were discussed, no impasse between the parties on this point caused any delay.

485–86 (fees denied where agency's alleged obduracy in resisting disclosure for four months was deemed insufficient to outweigh other factors).

This case presents another troublesome consideration for the court, in that FOIA seems to have been used as a substitute for civil discovery on the removal and first amendment claims. Such use of FOIA is not proper and this court will not encourage it by awarding fees. *See Baldrige v. Shapiro*, 455 U.S. 345, 360 n. 14, 102 S.Ct. 1103, 1112 n. 14, 71 L.Ed.2d 199 (1982); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513 n. 10, 44 L.Ed.2d 29 (1975); *Nationwide*, 559 F.2d at 712. In these circumstances, fees are not necessary in order to vindicate the underlying policies of FOIA and encourage plaintiffs to persevere with meritorious document requests.

## CONCLUSION

Plaintiffs are not entitled to an award of attorneys' fees under FOIA because they did not "substantially prevail" and because, in the exercise of its discretion, the court does not find that an award of fees in this case would advance the goals that FOIA was designed to serve. Accordingly, the court will issue an order of even date herewith, denying plaintiffs' motion for attorneys' fees and costs.