**ALLIANCE FOR RESPONSIBLE CFC POLICY, INC., Plaintiff,**

v.

**Douglas M. COSTLE, et al., Defendants.**

Civ. A. No. 80–3290.

United States District Court, District of Columbia.

April 7, 1986.

Donald L. Morgan, Washington, D.C., for plaintiff.

Patricia J. Kenney, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

This is an action under the Freedom of Information Act (FOIA) for disclosure of documents held by the Environmental Protection Agency (EPA). Currently before the Court is plaintiff's request for an award of $15,146 in attorneys' fees under 5 U.S.C. § 552(a)(4)(E) (1982).

## I. BACKGROUND

In 1980, the EPA announced that it was examining whether to regulate the production of chlorofluorocarbons (CFCs). On October 17, 1980, the EPA published an advance notice of proposed rulemaking regarding CFC production and requested that all comments on the proposed rulemaking be submitted by January 5, 1981. *See* 45 Fed.Reg. 66726 (Oct. 7, 1980).

When the potential for new regulation of CFCs became clear, a group of CFC producers and users formed plaintiff. On November 13, 1980, an attorney for the law firm representing plaintiff made a FOIA request to the EPA which sought production of all documents related to the proposed rulemaking. On December 24, 1980, after the EPA failed to respond within the statutory time period, plaintiff filed the instant suit.

The case was resolved with a minimum of judicial involvement. The first disclosures were made on January 15, 1981, and substantial amounts of documents were released during the following months. On two occasions plaintiff alerted the government to inadequacies in the document search, and each time the government responded promptly and to plaintiff's apparent satisfaction. In addition, material withheld by the government was discussed at two conferences held pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and the government's withholding was not challenged by plaintiff. The Court's involvement in the case was limited to monitoring disclosure in status conferences. The case was dismissed by stipulation in October, 1981.

## II. DISCUSSION

The relevant provision of FOIA reads: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (1982). In this circuit,

applications for an award of fees under this provision are subject to a two-step inquiry. First, the complainant must show that he "substantially prevailed" and therefore is "eligible" for an award. Second, he must show that he is "entitled" to an award. *Weisberg v. Department of Justice*, 745 F.2d 1476 (D.C.Cir.1984); *see Pyramid Lake Paiute Tribe v. Department of Justice*, 750 F.2d 117 (D.C.Cir.1984).

## A. *Eligibility*

Whether a party has "substantially prevailed" and thus is eligible for an award is "largely a question of causation." *Weisberg*, 745 F.2d at 1496. Where, as here, there has been no court order compelling agency disclosure, the complainant "must show that the prosecution of the action could reasonably be regarded as necessary to obtain the information ... and that a causal nexus exists between that action and the agency's surrender of that information." *Cox v. Department of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979). Thus, while a court order compelling disclosure is not required, "more than *post hoc, ergo propter hoc* must be shown." *Public Law Education Inst. v. Department of Justice*, 744 F.2d 181, 183 (D.C.Cir.1984).

Plaintiff argues that the EPA's recalcitrance in responding to the FOIA request necessitated this suit and that there was a causal connection because the EPA was prodded into releasing documents only after this case was brought. Defendant asserts that delay in disclosure was caused by the onerous breadth of the FOIA request and by the fact that the request was processed by the same small staff that was simultaneously receiving hundreds of comments on the proposed CFC regulation. For these reasons, defendant argues, the plaintiff did not "substantially prevail."

While plaintiff did obtain disclosure of numerous documents, "the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." *Weisberg*, 745 F.2d at 1496. Courts must consider other factors, such as whether the agency made a good faith effort to discover and disclose material, whether the scope of the request caused a delay in disclosure, and whether the agency was burdened by other duties that delayed its response. *See id.; Cox*, 601 F.2d at 6; *Crooker v. Federal Bureau of Prisons*, 579 F.Supp. 309, 311 (D.D.C.1984).

While it is a close question, on balance these factors weigh against finding that plaintiff "substantially prevailed." The facts indicate that the EPA's failure to make prompt disclosure was not due to bad faith or intentional delay. The FOIA request was undeniably broad and required searches by several departments within the EPA. Moreover, those groups also were engaged in processing, reading, and evaluating comments on a proposed rulemaking. Thus, the EPA's failure to disclose in timely fashion appears to be "an unavoidable delay accompanied by due diligence in the administrative processes" and not the result of agency intransigence. *Cox*, 601 F.2d at 6; *see also Crooker v. Department of Treasury*, 663 F.2d 140, 142 (D.C.Cir. 1980) (per curiam); *Lovell v. Department of Justice*, 589 F.Supp. 150, 154 (D.D.C. 1984). Thus, plaintiff has not borne its burden of establishing necessity or causation. *See Sweatt v. United States Navy*, 683 F.2d 420, 424 (D.C.Cir.1982) (per curiam).

## B. *Entitlement*

Eligibility for an attorneys' fees award does not make a party automatically entitled to an award. Instead, courts award fees only when an award would serve FOIA's purposes of encouraging disclosures that are in the public interest and discouraging an agency's unreasonable withholding of information. *See Weisberg*, 745 F.2d at 1499; *LaSalle Extension University v. FTC*, 627 F.2d 481, 484 (D.C.Cir. 1980).

In determining whether a party is entitled to an award, the court must balance four factors: "(1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's interest; and (4) the reasonableness of the agency's withholding." *Weisberg*, 745 F.2d at 1498; *see Church of*

*Scientology v. Harris*, 653 F.2d 584, 590 (D.C.Cir.1981). The court's review must be documented and comprehensive, and the court "must be careful not to give any particular factor dispositive weight." *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 714 (D.C.Cir.1977).

### 1. *The Public Interest*

Plaintiff argues that the public interest factor weighs in favor of a fee award because CFCs are widely used and because the EPA's nondisclosure was intended to preclude meaningful notice and comment on the proposed regulation. There is no evidence supporting the latter contention, however, and there is nothing to suggest that the information disclosed by the EPA was of any public benefit. *Cf. Simon v. United States*, 587 F.Supp. 1029, 1030 (D.D.C.1984). Indeed, plaintiff admits that no new information about CFCs was disclosed.

Here plaintiff's suit clearly was motivated primarily by personal interest, not by the sort of altruistic public concerns envisioned by the drafters of the FOIA attorneys' fees provision. *See* S.Rep. No. 854, 93rd Cong., 2d Sess. 19 (1974). The simple disclosure of government documents does not satisfy the public interest factor: "The release of any government document benefits the public by increasing citizens' knowledge of their government. Congress did not have this sort of broadly defined benefit in mind, however, in enacting section 552(a)(4)(E)." *Fenster v. Brown*, 617 F.2d 740, 744 (D.C.Cir.1979).

### 2. *Commercial Benefit and Plaintiff's Interest*

The second and third factors are closely related and often are evaluated together. *See Fenster v. Brown*, 617 F.2d at 743. Here plaintiff argues that it did not profit from the disclosure or obtain a competitive advantage as a result of the FOIA disclosures. The proper question, however, is not whether the disclosures resulted in commercial benefit, but whether the "potential for private commercial benefit was sufficient incentive to encourage [plaintiff] to pursue his FOIA claim." *Cuneo v.*

*Rumsfeld*, 553 F.2d 1360, 1368 (D.C.Cir. 1977). As representative of users and producers of CFCs, plaintiff clearly was motivated by their commercial interest in CFC regulation. In addition, plaintiff was a well-funded entity created for the advancement of the private interests of its constituent entities. As the Senate Report on FOIA states, "Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group ... but would not if it was a large corporate interest (or a representative of such an interest)." S.Rep. No. 854, at 19; *see Fenster v. Brown*, 617 F.2d at 743–44.

FOIA suits which are motivated by scholarly, journalistic, or public interest concerns are the proper recipients of fee awards. *See* S.Rep. No. 854, at 19; *see also Fenster v. Brown*, 617 F.2d at 743–44; *Cuneo v. Rumsfeld*, 553 F.2d at 1368; *Simon v. United States*, 587 F.Supp. at 1032. Plaintiff has not shown that its suit was prompted, even in part, by such concerns.

### 3. *Reasonableness of Agency Withholding*

Plaintiff asserts that this final factor favors an award of attorneys' fees because the EPA's failure to make speedy disclosure evinces that the government acted unreasonably. The Court's primary focus, however, must be on the propriety of any withholding of documents by the agency, and not on the adequacy of the agency's search efforts. *See Weisberg*, 745 F.2d at 1498; *LaSalle Extension University*, 627 F.2d at 486; *Simon v. United States*, 587 F.Supp. at 1032. Since plaintiff never challenged any withholding made by the government in this case, the Court finds "that the 'government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant or otherwise engaged in obdurate behavior.'" *Weisberg*, 745 F.2d at 1498 (quoting *Cuneo v. Rumsfeld*, 553 F.2d at 1366).

Accordingly, the Court concludes that plaintiff is neither eligible for nor entitled

to an award of attorneys' fees under FOIA. Plaintiff has not established that it has "substantially prevailed" in the suit. More importantly, plaintiff is not entitled to attorneys' fees because such an award would not promote the purposes of FOIA. Plaintiff brought this suit in order to protect and promote the personal commercial interests of its constituent entities. Here, as in *Fenster v. Brown,* 617 F.2d at 745, plaintiff "succeeded in [its] original goal of obtaining release of the [documents]. That is compensation enough." Plaintiff's application for attorneys' fees therefore is denied.