**CHURCH OF SCIENTOLOGY WESTERN UNITED STATES,** Plaintiff,

v.

**INTERNAL REVENUE SERVICE,** Defendant.

**No. CV–89–6370–RSWL.**

United States District Court, C.D. California.

May 24, 1991.

Kendrick L. Moxon, Bowles & Moxon, Hollywood, Cal., for plaintiff.

I.R.S., Washington, D.C., Timothy Mulligan, Jeffrey N. Kaplan, Mason C. Lewis, Asst. U.S. Attys., Los Angeles, Cal., Harry J. Giacometti, Robert K. Coulter, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., U.S. Atty., Los Angeles, Cal., U.S. Atty. Gen., Washington, D.C., for defendant.

## ORDER

LEW, District Judge.

Plaintiff in the above captioned action has moved for attorney's fees and expenses. Defendant timely opposed the motion. The matter was set for oral argument on March 25, 1991 at 9:00 a.m. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to Federal Rule of Civil Procedure 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Plaintiff's motion for attorney's fees and costs is GRANTED. Plaintiff is hereby awarded attorney's fees and costs incurred in filing and litigating this action in the amount of $5,040.00.

### Background

By letter dated May 23, 1989, counsel for plaintiff Church of Scientology (the "Church") requested access to records of defendant Internal Revenue Service (the "IRS") concerning the "tax shelter litigation project" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Church sought these documents because of its concern over the IRS' designation of the Church and its parishioners as part of the tax shelter litigation project. By letter dated June 14, 1989, the Los Angeles Disclosure Office of the IRS responded that all requested documents were withheld in full on grounds that they were

exempt pursuant to FOIA subsections (b)(3) (exempt by statute) and (b)(5) (exempt inter-agency communications). On August 1, 1989, the Church appealed the IRS' refusal to provide access to the documents. The IRS acknowledged the appeal by letter dated August 30, 1989.

On November 1, 1989, the Church filed this action to compel defendant Internal Revenue Service (the "IRS") to produce the records. The IRS appeal was still pending at the time the action was filed.

Subsequently, the IRS deemed twelve pages of documents responsive to the Church's request non-exempt from the FOIA. On September 11, 1990, the IRS released the non-exempt documents.

On March 25, 1991, the Church moved to voluntarily dismiss the action on grounds that the Church had obtained the records sought in the Complaint. The motion for voluntary dismissal was not opposed, and the Court granted the Church's motion to dismiss with prejudice.

Now, the Church seeks an award of attorney's fees and expenses incurred in the action pursuant to 5 U.S.C. section 552(a)(4)(E).

### Standard for Award of Fees Under FOIA

■ The FOIA provides that a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). This provision requires a two-step inquiry: (1) whether plaintiff is eligible for an award of attorney's fees and costs; and (2) if so, whether plaintiff is entitled to such an award. *Church of Scientology v. U.S. Postal Service*, 700 F.2d 486, 489 (9th Cir.1983) ("*Postal Service*"). The first step, eligibility for the award, is satisfied if "the facts show that the plaintiff has substantially prevailed on his or her FOIA action." *Id.* (citations omitted). The second step, entitlement to the award, "is left to the discretion of the district court." *Id.*

### The Church's Eligibility for Attorney's Fees and Costs

The Church contends it is eligible for an award of attorney's fees and costs because it has substantially prevailed in the litigation.

■ In order to satisfy the eligibility requirement by showing that he or she has substantially prevailed in a FOIA suit, a plaintiff must present convincing evidence that two threshold conditions have been satisfied: (1) that the filing of the action was reasonably necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the release of the information. *Id.* In deciding whether a plaintiff has satisfied these threshold conditions, the district court should consider such facts as the time when the documents were released, what actually triggered the documents' release, and whether plaintiff was entitled to the documents at an earlier time. *Id.* at 492.

The Church argues that reasonable necessity of this action is evidenced by the fact that the Church was initially denied all access to the records sought and that, subsequently, the Church waited without word for approximately three months after filing its administrative appeal before filing this action despite the FOIA requirement that an agency respond to an appeal within twenty working days. The IRS asserts that a response to the Church's appeal was delayed because of the heavy case load and backlog of FOIA appeals in the Disclosure Litigation Division of the IRS.

Viewing the arguments presented in light of the factors set forth in *Postal Service*, the Court is satisfied that the Church is eligible for an award of attorney's fees and costs. The Court finds persuasive the fact that the Church was required to engage in this litigation for over ten months before receiving documents which the Church was apparently entitled to receive in May of 1989. Furthermore, the requested documents were only released subsequent to this Court's Order of June 28, 1990 requiring the IRS to produce a Vaughn Index of the documents with-

held. In its opposition papers, IRS states that it released the requested records "in conjunction with" the filing of the Court-ordered Vaughn Index. It is, therefore, reasonable to conclude that the production and filing of the Vaughn Index triggered the release of the requested documents.

Thus, the Court finds the Church has substantially prevailed in the FOIA action and is eligible for an award of attorney's fees and costs. The Court finds that the filing of the action was reasonably necessary to obtain the information, and the filing of the action had a substantial causative effect on the release of the information.

### The Church's Entitlement to an Award of Attorney's Fees and Costs

■ Having found the Church eligible for an award of attorney's fees and costs, the Court must exercise its discretion in determining whether the Church is entitled to such an award. The Court may take into account "whatever factors it deems relevant" in determining whether to make such an award. *Id.* at 492 (cite omitted). Courts considering this issue have generally considered four factors: "(1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law." *Id.* (citations omitted).

### (1) Public Benefit

The IRS argues that no public benefit is derived from release of the requested documents because the documents pertain only to the Church and its parishioners. The Court disagrees. The public clearly has an interest in information regarding the apparently improper designation of a religion as a "tax shelter" project. Furthermore, communications between the IRS and the Church indicate that this litigation contributed to the IRS' decision to review its procedures and that resulting improvements in these procedures will enable better handling of over 1,000 cases involving iden-

tical legal issues. *See* The Church's Supp. Mem. at 2.

Thus, the Court is satisfied that public benefit was derived from disclosure of the documents.

### (2) Commercial Benefit to the Complainant

The Church contends that it gained no commercial benefit from disclosure of the documents. The IRS does not respond to this contention. Furthermore, there is no evidence presented which suggests that any commercial benefit was derived from disclosure. Accordingly, the Court finds this factor weighs in favor of finding the Church is entitled to an award of attorney's fees and costs.

### (3) Nature of the Complainant's Interest in the Records Sought

The IRS contends that this factor weighs against an award of attorney's fees and costs because the Church's interest in requesting the documents was purely personal. The Court agrees that the Church's request served Church's own interest, but the Court is not persuaded that this factor outweighs the public interest served by the release of the documents, as discussed above.

### (4) Government's Legal Basis for Withholding the Records

The IRS argues that there was a reasonable basis in law for the initial withholding of the documents, and, therefore, this factor weighs against granting the Church's motion. The IRS further argues that if the Church had waited to file this action until the IRS had time to consider the Church's arguments on appeal, the need for this lawsuit could have been obviated.

The Court disagrees with the IRS' contentions regarding this factor. Although there may have been a colorable legal basis for the IRS' initial withholding of the documents, there is no apparent justification for the IRS' tardiness in determining these documents were subject to release under the FOIA. The FOIA explicitly provides

that determinations with respect to any appeal shall be made within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii). Here, over one year passed before the IRS complied with its statutory obligation in releasing the documents. There is no apparent basis in the law for the IRS' failure to determine whether these documents were subject to release in a more timely fashion. Thus, the Court finds this factor weighs in favor of finding the Church is entitled to an award of attorney's fees and costs.

On balance, the circumstances of this case dictate that the Court exercise its discretion in favor of finding the Church is entitled to an award of attorney's fees and costs under the FOIA. Accordingly, the Court grants the Church's motion for attorney's fees and costs.

### Amount of the Award

In its proposed order, the Church indicates that it seeks reasonable fees and costs in the amount of $5,040. Having determined that the Church is eligible and entitled to an award of attorney's fees and costs under the FOIA, the Court now must determine if the amount sought by the Church is reasonable.

In support of its request, the Church submits the Supplemental Declaration of the Church's counsel, Kendrick L. Moxon (the "Moxon Declaration"). There, Moxon states that his client was billed $10,040 in connection with litigating this matter, for 67.6 hours of work at $150 per hour. The Moxon Declaration itemizes the hours spent in adequate detail, as well as adequately accounting for the expenses sought. Furthermore, the Moxon Declaration states that $150 per hour is his normal hourly rate and that this rate is substantially below the normal hourly rate for FOIA litigation in this community.

The Court is satisfied with the reasonableness of the amount sought by the Church. As shown by the Moxon Declaration, the Church seeks recovery for substantially fewer billable hours than were actually expended in this case. Furthermore, the Court notes that the IRS has not disputed the reasonableness of the hourly rate charged by Moxon. Accordingly, the Court awards the Church attorney's fees and costs incurred in the filing and litigation of this matter in the amount of $5,040.

IT IS SO ORDERED.