**J. Jesus AREVALO–FRANCO**

v.

**IMMIGRATION AND NATURALIZATION SERVICE.**

**Civ. No. A–88–CA–53.**

United States District Court,
W.D. Texas,
Austin Division.

Aug. 14, 1991.

As Amended Sept. 17, 1991.

Paul Parsons, Austin, Tex., Peter D. Williamson, Houston, Tex., for plaintiff.

K. Roxanne McKee, Asst. U.S. Atty., Austin, Tex., for defendant.

## ORDER

NOWLIN, District Judge.

Before the Court is Plaintiff's Memorandum in Support of Attorneys Fees filed October 24, 1990. Upon review of the motion, the responses filed, and the entire file in this case the Court finds the motion lacks merit and should be DENIED.

## I. FINDINGS OF FACT

Plaintiff seeks attorney fees pursuant to Title 5 U.S.C. Sec. 552(a)(4)(E) of what is popularly known as the Freedom of Information Act ("FOIA"). While situated in Monterrey, Mexico, plaintiff J. Jesus Arevalo–Franco sought an immigration visa that would enable him to rejoin his wife and child (both U.S. citizens) in the United States. The U.S. Consulate in Monterrey informed plaintiff that he must produce proof that he had never been forcibly deported from the United States at govern-

ment expense before the visa would be issued. In order to obtain such proof, the plaintiff, through his attorney Paul Parsons, filed an FOIA request with the Immigration and Naturalization Service ("INS") in San Antonio, Texas on April 8, 1987. A letter dated April 10, 1987 from the San Antonio office of the INS stated that the request for information had been received on April 8, 1987, and that the service would answer the request "as quickly as possible". On July 16, 1987 the San Antonio office notified Parsons by letter that the requested information was in the custody of the Chicago, Illinois office of the INS, and informed Parsons that his request had been transferred to the Chicago office for further processing. The Chicago office acknowledged receipt of the request from the San Antonio office in a letter dated August 3, 1987. The letter indicated that the request had been received July 28, 1987. In a letter dated October 23, 1987, the Vice Counsel at the U.S. Consulate in Monterrey informed Parsons that the Consulate had requested a complete file on Mr. Arevalo from the INS in Chicago. The Chicago office acknowledged receipt of this second request by letter dated November 2, 1987.

On November 18, 1987 Parsons wrote three (3) letters regarding his client's pending FOIA request. One letter was directed to Robert D. Ahlgren, an attorney in Chicago, making reference to efforts being applied by Ahlgren in Chicago to speed the release of Mr. Arevalo's INS files. A second letter was sent to the Chicago office of the INS requesting their prompt action. The third letter was intended as an appeal with the Attorney General pursuant to 8 C.F.R. Sec. 103.10 treating the INS's failure to respond to Mr. Arevalo's FOIA request as a denial. In a letter dated December 10, 1987 the Justice Department replied that it was not department policy to review any FOIA requests that had not been specifically denied, informed Parsons this policy was due to a manpower shortage at the Department, and further stated that in the event the INS had not responded to the request by "[t]he time you receive this letter, you may, if you choose, treat our

letter as a denial of your appeal and bring action in federal court."

Plaintiff Arevalo Filed suit in this Court on January 12, 1988 seeking to force disclosure of the documents within the scope of his FOIA request. Within three (3) weeks of filing suit, plaintiff received the entire file sought. In a letter dated February 1, 1988 transmitting the file to the U.S. Consulate in Monterrey Parsons stated "I originally filed a Freedom of Information Request for a copy of Mr. Arevalo's immigration file in April of 1987. The Immigration Service has become very backlogged on responding to FOIA requests. I was forced to file a complaint (copy attached) in federal court in order to obtain Mr. Arevalo's file."

## II. CONCLUSIONS OF LAW

■ Pursuant to Title 5 U.S.C. Sec. 552(a)(4)(E) a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Plaintiff contends it has met this threshold issue, as he obtained the documents requested under FOIA within three (3) weeks after he filed the instant lawsuit. As part of his initial burden of showing he "substantially prevailed", plaintiff must also show that the instant lawsuit could reasonably be regarded as necessary to obtain the requested documents, and that the action had a substantive causative effect on the subsequent delivery of that information. *See e.g., Cazalas v. United States Dept. of Justice,* 660 F.2d 612 (5th Cir.1981); *Lovell v. Alderete,* 630 F.2d 428, 432 (5th Cir.1980). It is not enough to merely allege that because the documents were divulged after a lawsuit was filed, said information was released as a result of that suit. *See Cox v. United States Dept. of Justice,* 601 F.2d 1, 7 (D.C.Cir.1979).

In the present case, plaintiff has failed to show that this lawsuit was either necessary for or causative of the release of the requested documents. Both plaintiff and the government seem to agree that the cause of delay in the production of the requested information was a backlog at the INS office in Chicago, and was not the result of any INS refusal to divulge the information. This accession is apparent in Parson's February 1, 1988 letter to the U.S. Consulate in Monterrey.

When plaintiffs in FOIA cases know that administrative problems are causing the delay of production of documents, and file lawsuits anyway, they are generally held not to have prevailed when the administrative problems are overcome, the information is produced, and the plaintiff is unable to show that the lawsuit caused the production. In *Ginter v. Internal Revenue Service,* 648 F.2d 469 (8th Cir.1981) the Internal Revenue Service informed the plaintiffs that the Service was unable to produce documents because the materials had not yet been uncovered during an ongoing search. *See id.* at 473. When the documents were eventually uncovered and delivered to the plaintiffs, they were not held to have "prevailed". In *Vermont Low Income Advocacy Counsel Inc. v. Usery,* 546 F.2d 509 (2d Cir.1976) plaintiff filed suit despite being informed that delivery of certain requested documents was delayed because they had been lost in the mail, and was not due to any recalcitrance by the agency. Though the documents were eventually produced after the lawsuit was filed, the plaintiffs were held not to have "prevailed". *See id.* at 514–515. While the cause of delay in the forgoing cases was more specific than "backlog", the evidence before this Court in the present case indicates that the INS was not intentionally withholding any documents, rather, the Service was slowly processing plaintiff's request.

■ While this Court does not condone what might have been avoidable delay on the part of the INS, this Court notes that the attorney fees provision of the FOIA was not meant to reward plaintiffs who "impatient with justifiable delays at the administrative level, resort to the 'squeaky wheel' technique of prematurely filing suit in an effort to secure preferential treatment." *See Fund for Constitutional Government v. National Archives,* 656

F.2d 856, 871 (D.C.Cir.1981). In denying plaintiff's motion for attorney fees, this Court does not wish to trivialize Mr. Arevalo's plight while he was waiting for the requested documents. Sympathy for this plaintiff, however, should not be allowed to dilute the burden of proof a party must bear before he is shown to have "prevailed" in a FOIA suit thereby entitling him to reasonable attorney fees.

ACCORDINGLY IT IS ORDERED that Plaintiff's Motion and Memorandum in Support of Attorneys Fees is in all things DENIED.

IT IS FURTHER ORDERED that the above-styled and numbered cause be closed by the Court Clerk.