Opinion
 

 PUGLIA, P. J.
 

 Plaintiff, Motorola Communication and Electronics, Inc. (Motorola), requested documents from the State of California Department of General Services (Department) under the California Public Records Act (Gov. Code, § 6250 et seq.; hereafter Public Records Act). When the Department failed to comply to Motorola’s satisfaction, Motorola initiated this
 
 *1342
 
 mandamus proceeding. The superior court issued an alternative writ compelling production and the Department produced additional documents. The superior court thereafter entered judgment dismissing the proceeding as moot and denying Motorola’s request for costs and attorney fees. Motorola appeals the denial of costs and attorney fees. We shall affirm.
 

 I
 

 On July 14, 1995, Motorola filed an action in the superior court seeking to compel the Department to reimburse local agencies for the cost of acquiring and operating emergency 911 telephone equipment. (Motorola Communication & Electronics, Inc. v. Department of General Services (Super. Ct. Sacramento County, 1995, No. 95CS01414) (hereafter Case No. 95CS01414).) The complaint alleges that The Warren-911-Emergency Assistance Act (Gov. Code, § 53100 et seq.) requires the Department to pay invoices submitted by entities such as Motorola for services or equipment provided to local agencies in connection with 911 operations. It further alleges the Department has adopted a policy of limiting payment to amounts charged by a “local exchange carrier” (LEC) for the same equipment or services. EEC’s are identified as Pacific Bell in the northern part of the state and GTE of California in the southern part. According to the complaint, this scheme coerces local agencies into doing business with the EEC’s alone.
 
 [1]
 

 On June 27, Motorola mailed and faxed to the Department two requests for disclosure of documents under the Public Records Act. One requested all documents concerning or relating to:
 

 “1. Any contract and/or modification or amendment of a contract or master agreement between GTEL and the State of California providing for the lease, lease purchase, or purchase agreement between the State of California and General Telephone Company (GTEL) for or on behalf of customer premise equipment for public safety answering points for local public agencies under the Warren 911 Emergency Assistance Act (Government Code [sjection 53100).
 

 “2. Any analysis, justification, or economic study concerning maintenance services available in accordance with any contract, agreement, modification or amendment set forth in number 1 above, identified as ‘maintenance services for E-911 equipment.’ ”
 

 The other request sought all documents concerning or relating to:
 

 
 *1343
 
 “1. Exhibit 26 to the Master Agreement for Non-Tariffed Services and Equipment, dated December 16, 1992 and Modifications Number 1 through 6 to Exhibit 26.
 

 “2. Modification Number 6, including any analysis, justification, or economic study concerning maintenance services available in accordance with Attachment 1 to Exhibit 26, identified as ‘maintenance services for E-911 equipment.’ ”
 

 On July 5, the Department notified Motorola the requested documents were being compiled. Motorola’s attorney, Paul Dauer, reviewed them on either Friday, July 7, or Monday, July 10, and informed the Department the production was incomplete. On July 11, the Department produced two binders of documents relating to
 
 current
 
 contracts between the state and GTE or Pacific Bell. Dauer asked if more documents were available relating to the “Master Agreement” and modifications to it or a financial study of rates and was informed there were no others.
 

 Unsatisfied with the Department’s response, Dauer notified the Department he intended to file a petition for writ of mandate. Over the next several days, Dauer attempted to obtain further production from the Department. On July 13, Dauer was informed one document had been withheld from disclosure because it was marked “proprietary.” No other documents were produced.
 

 On July 14, Motorola initiated the instant proceeding by filing a petition for writ of mandate seeking to compel the Department to comply with the Public Records Act requests. The petition sought an award of costs and attorney fees. On July 17, the superior court issued an alternative writ commanding the Department to comply with Motorola’s record requests. The next day, the Department retrieved from storage three boxes and six binders of additional documents. A further search of the Department’s offices turned up three documents relating to current contracts which had not previously been disclosed. These documents were made available to Motorola.
 

 On September 15, 1995, the superior court conducted a joint hearing in Case No. 95CS01414 and this matter. In Case No. 95CS01414, the court entered judgment granting the requested relief. In the instant matter, the court entered judgment as follows:
 

 “1. The Petition for the issuance of a Writ of Mandate is moot, an alternative writ in the subject proceeding having been issued and the State
 
 *1344
 
 representing, and the Petitioner in reliance on that representation concurring, that the public records sought to be disclosed had been fully disclosed.
 

 “2. Petitioner and respondent shall each bear their respective costs and attorney[] fees in this proceeding.”
 

 Motorola appeals the denial of its request for attorney fees.
 
 [2]
 

 II
 

 As a general rule, attorney fees are not recoverable unless specifically authorized by agreement or statute.
 
 (Smith
 
 v.
 
 Krueger
 
 (1983) 150 Cal.App.3d 752, 756 [198 Cal.Rptr. 174].) Government Code section 6259, subdivision (d) provides for an award of costs and attorney fees to a prevailing plaintiff in any Public Records Act proceeding brought to compel production of records. (Further statutory references to sections of an undesignated code are to the Government Code.) It reads in relevant part: “The court
 
 shall
 
 award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section.” (Italics added.) Where applicable, i.e., where the plaintiff
 
 prevails
 
 in the litigation, an award of costs and attorney fees is mandatory.
 
 (Belth
 
 v.
 
 Garamendi
 
 (1991) 232 Cal.App.3d 896, 900 [283 Cal.Rptr. 829].)
 

 Motorola contends it prevailed in this proceeding because the Department failed to comply fully with its requests for records until after the superior court issued an alternative writ. The Department counters the final production was not prompted by the litigation but rather the delay in production until after issuance of the alternative writ was due to uncertainty over the scope of the request and administrative difficulties. The Department has the better argument.
 

 A plaintiff prevails in litigation under the Public Records Act if the litigation motivated the defendant to release the requested documents.
 
 (Rogers
 
 v.
 
 Superior Court
 
 (1993) 19 Cal.App.4th 469, 482 [23 Cal.Rptr.2d 412].) For example, in
 
 Belth
 
 v.
 
 Garamendi, supra,
 
 232 Cal.App.3d at page 898
 
 (Belth),
 
 the Insurance Commissioner denied the plaintiff’s request for documents relating to a particular insurance company, claiming the documents were confidential. The plaintiff petitioned for writ of mandate. The commissioner thereafter sought and obtained permission from the insurance company to disclose the requested documents and did so. The trial court denied the plaintiff’s request for attorney fees. (232 Cal.App.3d at p. 899.)
 

 
 *1345
 
 The Court of Appeal reversed the denial of attorney fees. (232 Cal.App.3d at p. 903.) The court specifically rejected the Insurance Commissioner’s contention disclosure was prompted by the insurance company’s grant of permission rather than the litigation. According to the court, the lawsuit prompted the commissioner to seek permission in the first place. (232 Cal.App.3d at p. 902.)
 

 Motorola contends the present matter is “strikingly similar” to
 
 Belth
 
 with respect to the single proprietary document withheld from disclosure. We disagree. In
 
 Belth,
 
 it was undisputed the Insurance Commissioner sought permission to disclose the requested documents only “in response to, and in hopes of resolving the litigation.” (232 Cal.App.3d at p. 902.) Here, the only indication the disclosure of the proprietary document was prompted by the litigation is the fact the disclosure occurred after the Department was notified suit was being filed. More than
 
 post hoc, ergo propter hoc
 
 must be demonstrated. As previously indicated, a plaintiff in a Public Records Act proceeding must show the lawsuit was the motivating factor behind the production.
 
 (Rogers
 
 v.
 
 Superior Court, supra,
 
 19 Cal.App.4th at p. 482.) Although, in the absence of other evidence, timing alone may be sufficient to prove causation, the present matter involves much more.
 

 In its judgment, the superior court gave no explanation for denying Motorola’s request for costs and attorney fees. Motorola contends the court improperly applied standards pertinent to an award of sanctions for discovery abuse. Motorola refers to comments by the court during oral argument that the Public Records Act requests came at an “inopportune time” when lead counsel for the Department was going on vacation and the Department’s delay in any event was “not by much.” Motorola also relies on the court’s statement that, while the Public Records Act “encourages some degree of dispatch,” the delay here was not “an outrageous abuse of governmental power.”
 
 [3]
 

 The superior court’s comments, which Motorola interprets as demonstrating application of a good faith standard inapplicable to a section 6259, subdivision (d) determination, are also susceptible to an interpretation consistent with that provision. As previously explained, the determinative issue in a Public Records Act request for costs and attorney fees is whether the plaintiff was a prevailing party in the litigation, i.e., whether the litigation
 
 *1346
 
 was the motivating factor behind the production.
 
 (Rogers
 
 v.
 
 Superior Court, supra,
 
 19 Cal.App.4th at p. 482.) The fact a delay in production was slight and was due in part to unavailability of critical personnel is relevant to show the delay was due to administrative problems rather than agency intransigence. This in turn suggests production would ultimately have occurred whether or not suit was filed.
 

 In Alliance for Responsible CFC Policy, Inc.
 
 v.
 
 Costle
 
 (D.D.C. 1986) 631 F.Supp. 1469, a group of chlorofluorocarbon (CFC) producers sought production from the EPA pursuant
 
 to
 
 the Freedom of Information Act (5 U.S.C. § 552; hereafter FOIA) of documents relating to proposed rulemaking regarding CFC production. More than a month later, the EPA had failed to respond and the plaintiff filed suit. Production followed soon thereafter with minimum court involvement. The case was eventually dismissed and the plaintiff’s request for attorney fees was denied.
 

 The federal district court concluded the plaintiff had not established it “substantially prevailed” in the action within the meaning of the FOIA.
 
 [4]
 

 (Alliance for Responsible CFC Policy, Inc.
 
 v.
 
 Costle, supra,
 
 631 F.Supp. at p. 1470.) According to the court, in addition to the timing of the disclosure in relation to the filing of the lawsuit, other factors to be considered are “whether the agency made a good faith effort to discover and disclose material, whether the scope of the request caused a delay in disclosure, and whether the agency was burdened by other duties that delayed its response. [Citations.]” (631 F.Supp. at p. 1470.) Considering these factors, the court concluded: “The FOIA request was undeniably broad and required searches by several departments within the EPA. Moreover, those groups also were engaged in processing, reading, and evaluating comments on a proposed rulemaking. Thus, the EPA’s failure to disclose in timely fashion appears to be ‘an unavoidable delay accompanied by due diligence in the administrative process’ and not the result of agency intransigence .... Thus, plaintiff has not borne its burden of establishing necessity or causation.” (631 F.Supp. at p. 1470, citations omitted.)
 
 [5]
 

 In
 
 Arevalo-Franco
 
 v.
 
 I.N.S.
 
 (W.D.Tex. 1991) 772 F.Supp. 959, the plaintiff submitted an FOIA request to the INS in April 1987, was notified of
 
 *1347
 
 receipt of the request, but received no documents. In January 1988, the plaintiff filed suit to compel production and, within three weeks, the INS complied. Nevertheless, the plaintiff’s request for attorney fees was denied. The court concluded the plaintiff failed to prove the lawsuit was either necessary or a cause for the release of documents: “Both plaintiff and the government seem to agree that the cause of delay in the production of the requested information was a backlog at the INS office in Chicago, and was not the result of any INS refusal to divulge the information. . . .
 

 “When plaintiffs in FOIA cases know that administrative problems are causing the delay of production of documents, and file lawsuits anyway, they are generally held not to have prevailed when the administrative problems are overcome, the information is produced, and the plaintiff is unable to show that the lawsuit caused the production. . . .
 

 “While this Court does not condone what might have been avoidable delay on the part of the INS, this Court notes that the attorney fees provision of the FOIA was not meant to reward plaintiffs who, ‘impatient with justifiable delays at the administrative level, resort to the “squeaky wheel” technique of prematurely filing suit in an effort to secure preferential treatment.’ [Citation.]”
 
 (Arevalo-Franco
 
 v.
 
 I.N.S., supra,
 
 772 F.Supp. at p. 961.)
 

 In denying Motorola’s request for attorney fees, the trial court impliedly found Motorola was not a prevailing party. (See
 
 Rogers
 
 v.
 
 Superior Court, supra,
 
 19 Cal.App.4th at p. 481.) We review this finding to determine if it is supported by substantial evidence. (See 19 Cal.App.4th at pp. 475, 482.)
 

 Viewed in the light most favorable to the judgment, the record shows that the day after Motorola’s request was received, June 28, Teresa Boron-Irwin, senior staff counsel for the Department, was assigned to respond to it. She asked Larry Kuhn in the Department’s telecommunications division to compile the requested documents. On July 5, Boron-Irwin notified Motorola’s attorney, Paul Dauer, the documents were being compiled. Thereafter the parties arranged for Dauer to review the documents, which he did on July 7 or July 10.
 

 Dauer informed Boron-Irwin the documents produced were incomplete “in that ‘a cost analysis’ concerning the purchase of 911 equipment was
 
 *1348
 
 missing.” Boron-Irwin informed Dauer she was leaving on vacation and invited him to contact the telecommunications division directly to avoid any misunderstanding as to what was requested. Thereafter, Leah Senitte, the manager of the 911 program in the telecommunications division, attempted to compile “all documents maintained in [her] office that concern or relate to the
 
 current
 
 contracts between General Telephone and the State of California for Customer Premise 911 Equipment” (italics added) and similar documents relating to
 
 current
 
 contracts between Pacific Bell and the state.
 

 On July 11, the Department notified Dauer the requested records were available. That same day, Dauer visited the Department’s offices and was shown two binders of documents. These included all of the documents compiled by Senitte except one marked “proprietary” by Pacific Bell. Dauer asked if there were other documents “relating to the Master Agreement and the modifications to it” or “a financial study concerning the rates for maintenance services which were incorporated in Modification No. 6 to Exhibit 26 to the Master Agreement.” He was told no other documents existed.
 

 Not satisfied with the Department’s response, Dauer contacted the superior court on July 11 and arranged for a hearing on an ex parte application for a writ of mandate. However, he continued to communicate with the Department in an attempt to obtain further production without the necessity of legal action. On July 12, Dauer called Jeff Marschner, chief counsel of the Department, who indicated it was difficult for him to respond to the request because the attorney in charge of the production was on vacation. A meeting was scheduled for 3:30 p.m. that afternoon but was later canceled by Marschner because of a scheduling conflict.
 
 [6]
 

 On July 13, Dauer was informed of the Pacific Bell document which had not been produced. He was further advised the Department did not know what files had been reviewed in response to his requests because the attorney in charge was on vacation. That same day, Dauer called Marschner, who was himself preparing to leave for vacation. Dauer sought a meeting, but Marschner declined.
 

 
 *1349
 
 Also on July 13, Deputy Attorney General Leslie Lopez contacted Eric Berg of Pacific Bell regarding the document which had not been disclosed to Motorola. Berg indicated he would speak with Dauer about it.
 
 [7]
 
 This same day, or the next, Lopez spoke with Dauer and assured him there was no need for a mandamus action because any failure to produce the requested documents was due to miscommunication. On July 14, she sent Dauer a letter by fax apologizing for any inconvenience but indicating the Department was having difficulty determining what had happened because the attorney in charge was still on vacation.
 

 On July 14, Motorola filed its mandate petition. On July 17, the superior court issued an alternative writ commanding compliance with Motorola’s record requests. On July 18, Lopez instructed Senitte to make available to Motorola “all documents concerning Pacific Bell or GTE contracts for 911 equipment.” Senitte retrieved three boxes and six binders of documents from the Department’s archives. These documents included contracts between the State and Pacific Bell or GTE and “other materials concerning the 911 program” dating back to 1978. Senitte also instructed her staff to search the office for additional documents relating to current contracts with Pacific Bell or GTE, and three such documents were discovered. That same day, Dauer was notified of the additional documents. Lopez again requested that the writ proceeding be dismissed, but Dauer refused.
 

 Motorola suggests the Department failed to comply with section 6256 by failing to produce any documents within 10 days of the requests. Section 6256 requires an agency, upon receipt of a request for public records, to determine within 10 days whether to comply and to notify the requesting party of its decision. It does not require production within 10 days. Here, the Department notified Motorola on July 5 it was compiling the requested documents.
 

 The Public Records Act does not specify when records must be produced to a requesting party. Section 6253 says “[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record . . . .” That section requires specified agencies, including the Department, to establish guidelines for accessibility of records. The record in this proceeding does not contain a copy of any guidelines adopted by the Department.
 

 Motorola’s initial production occurred on July 7 or July 10, within two weeks of the requests. After Dauer indicated this production was incomplete,
 
 *1350
 
 further documents were produced on July 11. With the exception of three documents, which were not discovered until after suit was filed, and one “proprietary” document, the records produced by the Department on or before July 11 were purportedly all the documents “concerning or relating to” any
 
 current
 
 contracts between the state and Pacific Bell or GTE. After issuance of the alternative writ, the Department searched its archives and produced documents relating to prior agreements dating back to 1978 and the three documents previously overlooked.
 

 At no time did the Department refuse to produce documents requested by Motorola. The tenor of the parties’ discussions during the period between receipt of the requests and final disclosure suggests a misunderstanding existed over the breadth of the requests. This misunderstanding is not surprising given the inherent vagueness in a request seeking all documents “concerning or relating to” “[a]ny contract and/or modification or amendment of a contract or master agreement between GTEL and the State.” The Department is left to guess whether “[a]ny contract” means any contract currently in force or all contracts ever entered into between the indicated parties. The request also gives no guidance as to how attenuated a document’s relationship to the referenced topics must be to escape disclosure.
 

 Motorola was repeatedly informed the attorney responsible for responding to the records request was on vacation. Prior to the filing of this proceeding, Motorola was also assured a mandamus action was unnecessary because any shortfall in production was due to a misunderstanding only.
 

 The fact that three documents concerning or relating to
 
 current
 
 contracts between the state and Pacific Bell or GTE were produced after issuance of the alternative writ does not establish the Department was not forthcoming. We do not have before us the three documents in question and so are unable to determine if they were within the scope of the request. However, assuming they were, perfection in responding to a public records request is not the standard, especially where the request does not seek specific, identified documents but rather a class or category of documents. Such a vague request invites a response which is either overinclusive or underinclusive.
 

 Motorola contends any claim of misunderstanding by the Department is belied by the Department’s failure to object to the requests as uncertain and the promptness of disclosure after the alternative writ was issued. We are not persuaded. The Department apparently thought it understood the scope of the requests and proceeded accordingly. It had no basis to object. Only later did the Department learn Motorola wanted documents relating to contracts other
 
 *1351
 
 than those currently in force. Motorola’s requests are susceptible to the interpretation given them by the Department.
 

 As to the single, “proprietary” document excluded from production, the record indicates Motorola was alerted to its existence after a lawsuit was threatened but before it was filed. Motorola argues this chronology suggests the lawsuit was the motivating factor for the disclosure. This may be true. However, entitlement to costs and attorney fees does not turn on whether disclosure occurred because of a threatened lawsuit. In one sense, all public record disclosures are made because otherwise a lawsuit might be filed. The critical question is whether the requesting party was required to follow through with the implicit threat of a suit in order to obtain the documents. Here, as the record amply demonstrates, Motorola was not required to do so.
 

 Based on the uncertainties inherent in Motorola’s public records requests, and the timely efforts by the Department to respond, we conclude substantial evidence supports the superior court’s implicit finding this litigation did not cause the Department to disclose any of the documents ultimately made available to Motorola. Hence, Motorola was not a prevailing party within the meaning of section 6259, subdivision (d) and is not entitled to an award of costs and attorney fees.
 

 The judgment is affirmed.
 

 Blease, J., and Callahan, J., concurred.
 

 [1]
 

 Judgment was entered in Case No. 95CS01414 in favor of Motorola and was appealed by the Department to this court.
 
 Motorola Communication and Electronics, Inc.
 
 v.
 
 Department of General Services,
 
 C022837.) The appeal has since been dismissed. We take judicial notice of our file in that appeal. (Evid. Code, § 452, subd. (d).)
 

 [2]
 

 An order granting or denying attorney fees under the Public Records Act is reviewable on appeal from a final judgment in the proceeding.
 
 (Butt
 
 v.
 
 City of Richmond
 
 (1996) 44 Cal.App.4th 925 [52 Cal.Rptr.2d 232].)
 

 [3]
 

 Motorola also cites a comment by the court that the documents produced may not have been “vital” to Case No. 95CS01414. However, as Motorola candidly acknowledges, this comment may have been fostered by the fact the court was conducting a joint hearing with Case No. 95CS01414. At any rate, the court’s comment was inconsequential as there is nothing in the record to suggest the court relied on this factor in making its ruling.
 

 [4]
 

 The FOIA provides that a court “may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.” (5 U.S.C. § 552(A)(4)(E).)
 

 [5]
 

 The Public Records Act was modeled on the FOIA. Judicial construction of the latter is therefore instructive on our interpretation of its California counterpart.
 
 (American Civil Liberties Union Foundation
 
 v.
 
 Deukmejian
 
 (1982) 32 Cal.3d 440, 447 [186 Cal.Rptr. 235, 651 P.2d 822].) Under the federal scheme, in order to prove a plaintiff “substantially prevailed,” a plaintiff must establish the litigation was both reasonably necessary and causally related to the disclosure of the requested documents.
 
 (Maynard
 
 v.
 
 C.I.A.
 
 (1st Cir. 1993) 986 F.2d 547, 568;
 
 Church of Scientology Western U.S.
 
 v.
 
 I.R.S.
 
 (C.D.Cal. 1991) 769 F.Supp. 328, 330.)
 
 *1347
 
 Unlike the Public Records Act, however, the FOIA makes disclosure of public records to a prevailing party discretionary. (5 U.S.C. § 552(A)(4)(E).) This factor distinguishes the present matter from
 
 Murty
 
 v.
 
 Office of Personnel Management
 
 (4th Cir. 1983) 707 F.2d 815, relied upon by the Department. The Court of Appeals in
 
 Murty
 
 concluded the trial court had not abused its discretion in denying an award of attorney fees and costs to a prevailing party. Abuse of discretion is not the standard under the Public Records Act.
 

 [6]
 

 In the statement of facts in its opening brief on appeal, Mfotorola asserts Dauer made repeated efforts to secure disclosure without the necessity of filing a petition “but was rebuffed by the last minute cancelling of
 
 meetings
 
 to which [Motorola] had agreed and by
 
 demands
 
 from the State to submit written objections” as a condition of further disclosure. (Italics added.) This is reiterated in part in Motorola’s reply brief. However, in his declaration in the trial court in support of the petition, Dauer identifies only
 
 one
 
 cancelled meeting, that with Marschner on July 12. This is confirmed by Marschner in his opposing declaration. Marschner also averred that in his message to Dauer cancelling the meeting, he “requested” that Dauer put his concerns in writing. Thus, Motorola’s statement of facts in its opening brief can be characterized, most generously, as confabulation.
 

 [7]
 

 It was eventually agreed Dauer would receive a redacted version of the document.