[No. A070815. First Dist., Div. Five. Apr. 24, 1996.]

THOMAS K. BUTT, Plaintiff and Appellant, v.
CITY OF RICHMOND, Defendant and Respondent.

**[Opinion certified for partial publication[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, part II of this opinion is not certified for publication.

## COUNSEL

Leslie A. Levy for Plaintiff and Appellant.

Malcolm Hunter, City Attorney, and Everett Jenkins, Assistant City Attorney, for Defendant and Respondent.

## OPINION

**HANING, J.**—The petition of plaintiff and appellant Thomas K. Butt for writ of mandate seeking to order defendant and respondent City of Richmond to allow him to inspect itemized public records was denied. He appeals from that portion of the judgment ordering him to pay respondent's attorney fees and costs and imposing sanctions. We affirm.

### BACKGROUND

On August 29, 1994, appellant filed an ex parte petition for writ of mandate, temporary restraining order, and preliminary injunction. He alleged generally that respondent possessed (1) documents relevant to the proposed utility tax to be paid by Chevron USA; (2) documents relevant to its selection of the architectural/engineering consultant on a public project known as Terminal No. 3 Transit Shed; and (3) reports generated by its investigations of possible building code violations to which appellant had alerted it. He further alleged that these documents were public records not statutorily exempt from disclosure under the California Public Records Act

(CPRA) (Gov. Code, div. 7, ch. 3.5, § 6250 et seq.),[2] and that respondent failed and refused to comply with his request to inspect or receive copies thereof. Finally, he alleged that respondent's city council was scheduled to vote on the proposed tax at its regularly scheduled meeting the same day, and that unless he received the requested documents, he would be unable to participate meaningfully in the public hearing preceding the vote, the council would not be appropriately informed before taking its vote, and respondent's ratepayers would suffer irreparable injury unless the council was enjoined from voting on the proposed tax.

Appellant prayed for a peremptory writ commanding respondent to permit him to inspect the requested documents, enjoining council from voting on the tax until "a reasonable time" after he was provided the requested documents, and awarding him reasonable attorney fees and costs incurred in prosecuting the action.

Appellant's declaration in support of the writ stated that he had been requesting the documents since March 8, 1994. At the second reading of the proposed tax at the city council's August 22 meeting, respondent's city manager stated on the record that respondent would not comply with appellant's requests. As of August 26 appellant had not been provided any of the requested documents. He had been informed that it was unlikely the city council would postpone its scheduled August 29 vote on the utility tax to allow him time to obtain, review, and respond to the requested documentation.

An alternative writ was granted commanding respondent either to allow appellant to inspect the requested documents before September 22, 1994, or show cause on September 22 why it had not done so.

In its return to the alternative writ and opposition to appellant's petition, respondent argued that, as to information regarding building code violations, appellant had only asked it to investigate possible violations, and then to send him any reports generated by those investigations. However, it noted the CPRA requires only that existing documents be made available; it does not require an agency to prepare records. It also argued that many of the requested documents were exempt from disclosure because they contained confidential taxpayer information, and that appellant failed to comply with a

---

[2]Unless otherwise indicated, all further statutory references are to the Government Code. For convenience, we refer to section 6259, subdivision (c) as section 6259(c), and section 6259, subdivision (d) as section 6259(d).

local ordinance outlining the procedure for seeking such confidential information. It asked for attorney fees because, contrary to appellant's allegation that it had failed to respond to his request for public records, it had provided all records deemed disclosable under the CPRA, and had made extraordinary efforts to accommodate his specific requests when clearly articulated. Furthermore, the only discernible request for public documents was August 23, 1994, and appellant initiated litigation before allowing it the statutory 10-day period to respond to the request. (§ 6256.)

Appellant's petition was denied because of his failure to allow respondent the requisite 10 days to determine whether to comply with his request. The court found his request for documents frivolous and awarded respondent attorney fees and costs of $3,991.

## DISCUSSION

### I

Respondent contends this court lacks jurisdiction to hear an appeal from a superior court decision involving the CPRA. Section 6259 governs the procedure in an action to compel disclosure of public records. Section 6259(c) provides that a superior court order involving disclosure of a public record is not a final order or judgment under Code of Civil Procedure section 904.1, which defines appealable judgments and orders, but is "immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ. Upon entry of any order pursuant to this section, a party shall, in order to obtain review of the order, file a petition within 20 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow." (§ 6259(c).) Section 6259(d) provides that the court shall award costs and reasonable attorney fees if the plaintiff prevails, but if the court finds that the plaintiff's case is "clearly frivolous," it shall award court costs and reasonable attorney fees to the public agency.

*Powers* v. *City of Richmond* (1995) 10 Cal.4th 85 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (*Powers*) confirmed that decisions compelling or refusing disclosure of public records under the CPRA are reviewable only by petition for extraordinary writ. At issue in *Powers* was whether a city was required to comply with a request to provide members of the public and a candidate for city council a computer-generated report containing the expenditures of certain city officials during a specified six-month period.

The trial court ruled for the city and the plaintiffs sought review both by petition for writ of mandate and by direct appeal. The Court of Appeal summarily denied the petition for mandate and dismissed the appeal, holding it was barred by section 6259(c). (10 Cal.4th at pp. 90-91.) A divided Supreme Court affirmed. The lead opinion by Justice Kennard, with Justices Baxter and Werdegar concurring, held, inter alia, that section 6259(c) does not violate article VI, section 11 of the California Constitution, which states that the ". . . courts of appeal have appellate jurisdiction when superior courts have original jurisdiction." (10 Cal.4th at p. 90.) Justice George, with Justice Arabian concurring, agreed that review of decisions under the CPRA was constitutionally limited to discretionary writ review by section 6259(c). (10 Cal.4th at pp. 115-116.) Chief Justice Lucas, with Justice Mosk concurring, dissented, concluding that plaintiffs had a constitutional right to appeal if the Court of Appeal denied writ review. (*Id.* at p. 183.)

Citing its earlier decision in *Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325 [283 Cal.Rptr. 893, 813 P.2d 240] (*Times Mirror*), the lead opinion in *Powers* noted the significance of timely disclosure of public records, and concluded that the purpose of section 6259(c) was to accelerate appellate review in the CPRA cases and thereby eliminate delay in achieving finality of trial court judgments thereunder. In reviewing the legislative history of section 6259(c) the *Powers* majority noted that the Legislature's purpose of writ review was " ' "to correct an injustice [it perceives] due to . . . the potential for . . . public agencies to delay the disclosure of public documents." Accordingly, the amendment's goal was "to prohibit public agencies from delaying the disclosure of public records by appealing a trial court decision and using continuances in order to frustrate the intent of the Public Records Act." [Citations.]' " (*Powers, supra,* 10 Cal.4th at p. 111.)

■ Code of Civil Procedure section 904.1, subdivision (b) provides: "Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." Given the serious and penal nature of sanctions, courts have historically emphasized the requirement for constitutional protections before their imposition, in order to avoid violations of the state and federal due process clauses. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7; see *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651-654 [183 Cal.Rptr. 508, 646 P.2d 179]; *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 638 [150 Cal.Rptr. 461, 586 P.2d 942] (*Bauguess*); *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App. 3d 1019, 1029 [215 Cal.Rptr. 708]; *O'Brien*

v. *Cseh* (1983) 148 Cal.App. 3d 957, 961 [196 Cal.Rptr. 409].) As *Bauguess, supra*, 22 Cal.3d. 626 observed: "The use of courts' inherent power to punish misconduct by awarding attorney's fees may imperil the independence of the bar and thereby undermine the adversary system." (*Id.*, at p. 638.) Therefore, " ' "[A]ny power of the trial court to impose such sanctions should be created by the legislative branch of government with appropriate safeguards and guidelines developed following a thorough in-depth investigation." ' " (*Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812, 817 [214 Cal.Rptr. 380].)

Neither *Times Mirror* nor *Powers* discussed orders or judgments for attorney fees and costs, nor distinguished such orders or judgments from those compelling or refusing disclosure of public records. It is obvious that the kind of prejudice inherent in any delay caused by appeal of disclosure rulings is not present when appellate review concerns *only* entitlement to costs and attorney fees. In this case the sanction order was contained in the same judgment denying the petition for disclosure. However, many orders awarding costs and attorney fees come after judgment, and are ordinarily appealable. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs 1 (The Rutter Group 1995) ¶ 2:156 et seq., p. 2-65 et seq.) If respondent's position is adopted, an order of costs or sanctions entered after a judgment ordering disclosure of public records would be reviewable only by a petition for extraordinary writ, regardless of whether review was sought of the underlying judgment.

We do not interpret *Times Mirror* or *Powers* to be concerned with any orders or judgments other than those affecting the disclosure of public records. We find nothing in the legislative history of section 6259(c) to indicate the Legislature intended to accelerate appellate review of such orders. To the contrary, we think the legislative intent regarding review of sanction orders was manifested by its 1993 amendment (Stats. 1993, ch. 456, § 12) to Code of Civil Procedure section 904.1, when it limited direct appeals of interlocutory sanction orders to those exceeding $5,000, making all others reviewable only by appeal from the final judgment.

II*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*See footnote 1, *ante*, page 925.

## DISPOSITION

Affirmed.

Peterson, P. J., and King, J., concurred.