Filed 7/17/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| TIM CREWS, | |
| Plaintiff and Appellant, | C066633 |
| v. | (Super. Ct. No. 09CV00697) |
| WILLOWS UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Glenn County, Peter Twede, Judge. Reversed.

RAM, OLSON, CEREGHINO & KOPCZYNSKI and Karl Olson for Plaintiff and Appellant.

JOSEPH T. FRANCKE for William T. Bagley, Leland Yee and Californians Aware; DAVIS WRIGHT TREMAINE, Duffy Carolan and Dan Laidman for First Amendment Coalition, California Newspaper Publishers Association, Los Angeles Times Communications, McClatchy Company, California Newspapers Partnership, The Orange County Register, Hearst Corporation and The Press-Enterprise as Amici Curiae on behalf of Plaintiff and Appellant.

1

BURKE WILLIAMS & SORENSEN, Donald A. Velez and Amy E. Hoyt; MATT JUHL DARLINGTON & ASSOCIATES and Matthew P. Juhl-Darlington for Defendants and Respondents.

ATKINSON, ANDELSON, LOYA, RUUD & ROME, A. Christopher Duran, Elizabeth P. Lind and Paul M. Loya for California School Boards Association's Education Legal Alliance as Amicus Curiae on behalf of Willows Unified School District et al.

This appeal arises out of an order for payment of attorney fees and costs by a newspaper publisher to a public agency that complied with a burdensome request for documents under the California Public Records Act (PRA) (Gov. Code, § 6250 et seq.).[1] Section 6259, subdivision (d), provides for an award of attorney fees and costs to the public agency in the event of a "clearly frivolous" PRA case. The trial court in this case found Tim Crews, the publisher of a newspaper with a small circulation in Glenn County, pursued a frivolous PRA petition against the Willows Unified School District (District). Crews made the PRA request as part of his investigation into whether District Superintendent Steve Olmos used public resources for such improper purposes as supporting the recall of the Glenn County Superintendent of Schools. Crews asked for a one-year period of e-mails to and from Olmos. The District responded that it would comply with the request but noted it would have to withhold some documents as required by the Education Code and other statutes that impose confidentiality protections. The District also requested that Crews narrow his request, a request Crews declined. Over the ensuing weeks, the District and Crews also discussed the format in which the e-mails would be delivered, eventually settling on scanned copies of the printed and redacted e-mails.

---

[1] Undesignated statutory references are to the Government Code.

2

On the day the District had previously indicated it would begin turning over the requested documents, Crews filed a PRA petition in the superior court to compel production of the promised documents. Although Crews had not received any documents when he filed his PRA petition, he did not serve his petition on the District until after he started receiving the scanned copies of the e-mails. District employees ultimately spent 198 hours in reviewing, printing, scanning, and turning over approximately 60,000 e-mails in portable document format (PDF).[2] The District withheld approximately 3,200 pages under a claim the documents were exempt from disclosure under the PRA. The trial court eventually spent "an inordinate amount of time in reviewing the documents" in camera before finding the District did not improperly withhold any documents. The District's omission of 91 pages of attachments appears to have been inadvertent and cured when the District realized its error. The trial court denied Crews's PRA petition on the merits and also found the PRA petition to be frivolous. Based on having to defend the frivolous PRA petition, the court awarded fees and costs to the District. Crews then petitioned this court for a writ of mandate to reverse the denial of his PRA petition by the

---

[2]     PDF refers to an electronic format designed to accurately reproduce printed materials regardless of the hardware used to create or view the documents. (See Cal. Rules of Court, Rule 3.1367(a)(2); Smith, *The Magic of the Portable Document Format (Pdf) File* (Jan./Feb./Mar. 2009, vol. 43) The Prosecutor, 31.)

Native format refers to the form of the original electronic file. Native format will include any metadata associated with the electronic file.

Metadata refers to information about an electronic document that is not visible when normally displayed or printed. "Many types of programs, including most wordprocessors and spreadsheets, automatically track information relating to the editing history of the files they create. This history normally includes the name of the person who created the document, the date and time it was created, how many times it has been edited, the name of the last person to edit the document, and the date and time of the last revision." (Overly on Electronic Evidence in California (2012-2013 ed.) § 2:9, pp. 46-47.)

3

trial court. (See § 6259, subd. (c) [limiting appellate challenge to the denial of PRA petition to writ review].) This court summarily denied the petition.[3]

Crews also appealed from (1) the judgment denying his PRA petition and ordering attorney fees and costs to the District for defending against a frivolous PRA petition; and (2) the post-judgment order determining the amount of attorney fees and costs. On appeal, Crews contends we must reverse the award of attorney fees and costs because his petition was not frivolous, he was really the prevailing party in this action, and the punitive nature of the award would have an impermissible chilling effect on journalists seeking to investigate governmental wrongdoing.[4] The District asserts the petition was clearly frivolous because it did not result in the production of any documents requested under the PRA.[5] Thus, the District requests that this court affirm the attorney fees and costs award.

Our previous denial of Crews's request for an appellate writ of mandate conclusively resolves that the trial court properly denied the PRA petition. (*Butt v. City of Richmond* (1996) 44 Cal.App.4th 925, 929 (*Butt*); *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 90-91.) Nonetheless, Crews's appeal from the judgment properly challenges the award of attorney fees and costs to the District for defending against a

---

[3] The District's request that we take judicial notice of Crews's petition for writ of mandate and our summary denial of the writ in Court of Appeal Case No. C066514 is granted. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a)(2).)

[4] In support of Crews's appeal, we have received amicus curiae briefs from (1) William T. Bagley, Leland Yee, and Californians Aware, and (2) First Amendment Coalition, California Newspaper Publishers Association, Los Angeles Times Communications LLC, McClatchy Company, California Newspapers Partnership, The Orange County Register, Hearst Corporation, and the Press-Enterprise.

[5] In support of the award of fees and costs to the District, we have received an amicus curiae brief from the California School Boards Association's Education Legal Alliance.

4

frivolous PRA petition.  (*Motorola Communication & Electronics, Inc. v. Department of General Services* (1997) 55 Cal.App.4th 1340, 1344, fn. 2 (*Motorola*).)

We conclude the PRA petition lacked merit but was not frivolous.  Crews filed the petition before he received any documents from the District.  After rolling production of documents began, Crews relied on the PRA petition to challenge (1) the District's withholding of documents claimed to be exempt from disclosure and (2) the District's compliance with a conditional agreement to produce e-mails in PDF format by a reasonable date.  Although Crews did not succeed in securing the withheld documents, his arguments on the matter were sufficiently meritorious to cause the trial court to examine the documents in camera.  As to Crews's pursuit of e-mails in native format instead of PDF format, it remained uncertain whether the scanned e-mails were received in a timely manner and permissible PDF format until the trial court resolved the issue in the District's favor.  Thus, while Crews was unsuccessful in obtaining withheld documents or e-mails in native format, his PRA petition was not frivolous.  Consequently, we reverse the award of attorney fees and costs to the District.

FACTUAL AND PROCEDURAL HISTORY

*Crews's Request for Records from the District*

The District serves 1,700 students in four schools but employs only five administrators.  The low level of staffing requires Olmos, the District's superintendent, to carry out duties that include:  interacting with the school board, serving as the human resources administrator, serving as principal of one of the schools, handling student expulsions and discipline, engaging in staff and curriculum development, handling special education considerations, and attending extracurricular events at the schools.

On March 5, 2009, Crews requested that the District produce all e-mails to and from Olmos for the preceding year.  On March 15, 2009, the District responded that it would comply with the request with the exception of those documents exempt from

disclosure. Fifteen days later, the District stated it could begin producing documents on April 28, 2009. The District estimated Crews's request encompassed approximately 60,000 e-mails that would result in approximately 30,000 printed pages.[6] On April 10, 2009, the District asked Crews to narrow his request in order to make compliance easier and less burdensome. Crews declined.

Olmos undertook the task of reviewing the e-mails subject to the request and sought technical assistance in determining the optimum way to provide the materials to Crews. As the trial court noted, the records request "required Dr. Olmos to personally review his e-mails and then to submit them to the districts [*sic*] legal staff to insure the protections he is required to provide to the school district, his staff and particularly the students in the district were strictly complied with." The District's director of technology services informed Olmos it did not have the software capable of redacting e-mails that contained exempt or privileged information. Thus, the District was required to print, redact, and scan the e-mails to ensure safeguarding confidential information.

The District's legal counsel informed Crews of the procedure it planned to use to comply with his records request. On May 6, 2009, Crews's legal counsel informed the District an agreement had been reached to provide the requested materials on compact discs (CDs). The transmission of the requested materials remained a contentious issue. Eventually, Crews's attorney informed the District: "We can agree to disagree over whether or not producing the e-mails in the precise pdf format that [the District is] using is sufficient compliance with the [PRA]. If you commit to produce all remaining e-mails by a reasonable date of your choosing, then the ***electronic format won't be an issue***."

---

[6] Although the judgment states the District ultimately turned over "60,000 pages of e-mails in pdf format," the rest of the record suggests the District turned over approximately 60,000 e-mails that comprised 30,000 printed pages. This disparity makes no difference in the analysis or result.

6

On April 29, 2009, the District delivered the first CD of e-mails in PDF format to Crews. The rolling production continued with the last CD of e-mails in PDF format delivered on December 3, 2009. The District withheld documents it claimed were exempt from disclosure: drafts, notes, or intra-agency memoranda; pending litigation; student records; personnel matters; and privileged documents under the California Evidence Code.

### *PRA Petition in the Superior Court*

Shortly after noon on April 28, 2009, Crews filed his PRA petition in the Glenn County Superior Court. When he filed his PRA petition, Crews had not yet received any of the requested e-mails from the District. However, by the time Crews served his petition on May 5, 2009, he had received the first of 14 sets of documents on CD.[7] Rolling production of documents continued throughout 2009. Ultimately, District staff devoted nearly 200 hours reviewing, printing, scanning, and transmitting approximately 60,000 e-mails to Crews. However, the District also withheld approximately 3,200 pages of e-mails under a claim of exemption or privilege.

Crews requested that the trial court order the District to "provide anew all of the e-mails previously requested in the *exact* electronic format that the e-mails are held in (also known as Native Format)." The District took the position that it had complied to the best of its ability with the PRA request.

On March 15, 2010, the trial court issued a tentative decision finding the District did not have the ability to produce the e-mails in native format. The court further found: "Additionally and very importantly, [Crews] through his own attorney not only agreed to the pdf format, he insisted on it." The court acknowledged that Crews pointed out a

---

[7] The judgment indicates that the District transmitted documents to Crews on 11 occasions when the record indicates the District did so 14 times. This disparity makes no difference in the analysis or result.

number of missing e-mail attachments from the materials handed over. The District was ordered to hand over any omitted attachments Crews chose to specify. The court noted the District "offered to produce the records that [it] withheld on the basis of privilege or exemption for the courts [*sic*] review in camera and therefore [prove] no violation of the [PRA] has occurred." The tentative decision concluded by indicating the court would deny the PRA petition.

On September 1, 2010, the trial court "received a 'banker's box' of approximately 3200 pages of copies of the emails." The court then "spent an inordinate amount of time in reviewing the documents and . . . determined that the [District] has withheld the documents properly under . . . §6254(b)(c) and (k)[8] as they are exempt or privileged from release under [the PRA] and therefore the withholding was justified under . . . §6255."

### *Judgment Denying the PRA Petition and Ordering Attorney Fees and Costs to the District for Defending Against a Frivolous PRA Petition*

On November 1, 2010, the trial court entered a judgment denying the PRA petition. In the judgment, the court made the following findings: The District consistently responded it would comply with Crews's request to the extent the District could do so without violating any exemptions or privileges. Specifically, the court found that "upon being served with the records request, [the District] launched upon a course of

---

[8]     In pertinent part, section 6254 provides that –- with exceptions not relevant here –- a public agency is not required to disclose "records that are any of the following: [¶] . . . [¶]  (b) Records pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 (commencing with Section 810), until the pending litigation or claim has been finally adjudicated or otherwise settled.  [¶] (c) Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy. [¶] . . . [¶]  (k) Records, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."

conduct indicative of nothing less than an appropriate response to the request." As the court further noted, "Due to the nature of the business of respondent as a unified school district, [the District] was required to utilize the utmost protection relative to sensitive data that was exempt or privileged from dissemination to the public under the California Education Code." The District, "on a regular basis, provided the latest data as it became available. Due to the sheer volume of e-mails involved, this Court cannot find that the [District] delayed unreasonably the delivery of the CD's to [Crews]." The trial court also reiterated its finding that the District produced the e-mails in the PDF format "insisted" upon by Crews's counsel. The court concluded the District and Olmos did not violate the PRA.

In its judgment, the trial court also determined the District was entitled to attorney fees and costs for having to defend against Crews's frivolous PRA petition. The court found (1) Crews filed his PRA petition contemporaneously with the District's first delivery of a CD containing the requested documents and (2) Crews served the petition after the District had initiated compliance with his PRA request. The court concluded the service of the petition did not result in any benefit whatsoever to Crews and was therefore frivolous pursuant to section 6259, subdivision (d).

### Crews's Petition for Writ of Mandate in this Court

Crews filed a petition for writ of mandate in this court in which he argued the PRA petition had been erroneously denied. We summarily denied the petition for writ of mandate in *Crews v. Superior Court* (*Willows Unified School District*) (Dec. 16, 2010, C066514) [nonpub. order].

### Award of Attorney Fees and Costs to the District

The District moved for $104,230 in attorney fees. Crews opposed the motion, arguing no fees should be awarded in order to avoid a chilling effect on PRA requesters. Crews also argued that "virtually any sanction award would subject him to virtually

certain financial ruin." In response, the District introduced evidence of a settlement agreement in *Crews v. Glenn County Office of Education* (Glenn County Case No. 06CV00399) under which Crews received $100,000 to dismiss another lawsuit against a different public agency.

The trial court awarded $53,926 in attorney fees and $2,669.50 in costs to the District. The court noted it had previously found the PRA petition to be frivolous. The court found: "The only conceivable reason for service of the writ may have been in connection with the documents protected by the claimed privilege. However, it appears to this court that the parties certainly could have agreed to a neutral [party] to resolve any issue presented *before* application was made to the court through a formal writ proceeding." The amount of time spent by counsel in defending against the PRA petition amounted to $53,926. In determining fees, the court stated it was "concerned with the accuracy of [Crews's] declaration" regarding his income and assets. The court found Crews's "exceptionally self-serving declaration was filed without benefit of any supporting documentation whatsoever. At the very least, the court would expect a financial statement, income/expense statement or a tax return or a profit and loss statement to support his claim of indigency." The court took judicial notice of the settlement agreement proffered by the District and rejected Crews's claim he did not receive the settlement amount due under the agreement.

Crews timely filed notices of appeal from (1) the judgment denying the PRA petition and ordering attorney fees and costs to the District and (2) the post-judgment order determining the amount of attorney fees and costs.

DISCUSSION

# I

### *Appealability and Scope of Review*

At the outset, we consider the scope of review for the issues raised by Crews's appeal. As we explain, Crews cannot challenge the trial court's denial of his PRA petition. Nonetheless, he may challenge the trial court's order awarding attorney fees and costs because he timely filed a notice of appeal from the judgment.

Appellate challenges to the trial court's denial of a petition under the PRA may be brought only by extraordinary writ. The Government Code provides that "an order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (§ 6259, subd. (c).)

Consistent with section 6259, subdivision (c), Crews sought a peremptory writ of mandate in this court by arguing his PRA petition should have been granted as to his request for Olmos's e-mails in their native electronic format and as to his request for an order compelling the District to identify the exemptions or privileges under which it withheld documents. The California Supreme Court in "*Powers v. City of Richmond* (1995) 10 Cal.4th 85 (*Powers*) confirmed that decisions compelling or refusing disclosure of public records under the [PRA] are reviewable only by petition for extraordinary writ." (*Butt, supra,* 44 Cal.App.4th at p. 929.) Thus, Crews cannot use this appeal to argue the trial court erred in denying the e-mails in native format or the District wrongly claimed exemptions or privileges for withheld documents.

Nonetheless, Crews may file an appeal challenging the propriety and amount of the attorney fees and costs award. "An order granting or denying attorney fees under the

11

[PRA] is reviewable on appeal from a final judgment in the proceeding." (*Motorola, supra,* 55 Cal.App.4th at p. 1344, fn. 2, citing *Butt*, *supra*, 44 Cal.App.4th 925.) Crews properly appealed from the judgment that both denied Crews's PRA petition and found the District entitled to attorney fees and costs for defending against a frivolous PRA petition.

Crews also filed a second notice of appeal on October 11, 2011, from the order determining the amount of attorney fees and costs. However, it has been previously held that "when a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award." (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998.) Thus, we have jurisdiction under Crews's first notice of appeal to review the propriety of the trial court's award of attorney fees and costs to the District. Accordingly, we dismiss Crews's second appeal from the post-judgment order determining the amount of attorney fees and costs. (See *Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 161.)

Generally, we review an award of fees and costs by the trial court for abuse of discretion. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 (*Carver*).) "However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. (*Wilson v. Wal–Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 389; *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297.)" (*Carver, supra*, at p. 142.) Here, we consider whether Crews's PRA petition was frivolous within the meaning of the Government Code section governing fee awards for PRA requests. (See § 6259, subd. (d).) In other words, we must determine whether the action totally lacked merit, i.e., that any reasonable attorney would agree it lacked merit. (See *Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.) Consequently, we independently review Crews's challenge to the

12

legal basis for the attorney fees and costs award.  (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175–1176; *Roybal v. Governing Bd. of Salinas City Elementary School Dist.* (2008) 159 Cal.App.4th 1143, 1148.)  However, factual findings made by the trial court are upheld if they are supported by substantial evidence.  (*Sacramento County Employees' Retirement System v. Superior Court* (2011) 195 Cal.App.4th 440, 454.)

## II

### *Award of Attorney Fees and Costs to the District for Defending Against a Frivolous PRA Petition*

Crews contends his PRA request was not frivolous.  Moreover, Crews asserts *he* was the prevailing party in this action.  He further argues sanctions should not be imposed in any event due to the potential chilling effect on investigative journalists in California.  We are not persuaded Crews was the prevailing party, but nonetheless conclude the PRA petition was not frivolous.

### A.

### *Attorney Fees and Costs Awards for Frivolous PRA Actions*

As this court has previously noted, "Californians have a constitutional right to access the records of their public agencies.  They have a strong interest in knowing how government officials conduct public business, particularly when allegations of malfeasance by public officers are raised."  (*BRV, Inc. v. Superior Court* (2006) 143 Cal.App.4th 742, 746.)  " 'Implicit in the democratic process is the notion that government should be accountable for its actions.  In order to verify accountability, individuals must have access to government files.  Such access permits checks against the arbitrary exercise of official power and secrecy in the political process.' "  (*Los Angeles Unified School Dist. v. Superior Court* (2007) 151 Cal.App.4th 759, 764, quoting *CBS, Inc. v. Block* (1986) 42 Cal.3d 646, 651.)

13

To support the policy of disclosure, section 6259, subdivision (d), provides the trial court "shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section." However, public agencies are ordinarily not entitled to attorney fees and costs from a requester who has failed to secure documents under the PRA. Public agencies may recover attorney fees and costs only "[i]f the court finds that the plaintiff's case is clearly frivolous." (§ 6259, subd. (d).)

Section 6259 does not define the term "clearly frivolous." Thus, we turn to the guidance of the California Supreme Court in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 (*Flaherty*). In *Flaherty*, the court articulated the test for determining whether an appeal is frivolous. In formulating the test, the *Flaherty* court explained that "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals. Justice Kaus stated it well. In reviewing the dangers inherent in any attempt to define frivolous appeals, he said the courts cannot be 'blind to the obvious: the borderline between a frivolous appeal and one which simply has no merit is vague indeed . . . . The difficulty of drawing the line simply points up an essential corollary to the power to dismiss frivolous appeals: that in all but the clearest cases it should not be used.' (*People v. Sumner* [(1968)] 262 Cal.App.2d [409,] 415.) The same may be said about the power to punish attorneys for prosecuting frivolous appeals: the punishment should be used most sparingly to deter only the most egregious conduct." (*Flaherty, supra*, at pp. 650-651.) Thus, the Supreme Court held that an appeal may be deemed frivolous only when prosecuted for an improper motive –- e.g., to harass the respondent or for purposes of delay –- *or* when lacking any merit –- i.e., when any reasonable attorney would agree the appeal is totally without merit. (*Ibid.*; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 989, p. 1039.)

The same test –- with its objective and subjective prongs –- has been applied in determining whether an action is frivolous from the start. (E.g., *Jones v. Jones* (1986) 179 Cal.App.3d 1011, 1018 [citing *Flaherty*]; *Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1029; see also Code Civ. Proc. § 128.5, subd. (b)(2) [defining a frivolous action to be one that is "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party"].) The addition of the adverb "clearly" to frivolous does not change the test for purposes of section 6259, subdivision (d). Since a frivolous action is one entirely lacking in merit, there can be no lower standard for a "clearly frivolous" action. (See *Flaherty, supra,* 31 Cal.3d at pp. 650-651; *State of California ex rel. Standard Elevator Co., Inc. v. West Bay Builders, Inc.* (2011) 197 Cal.App.4th 963, 982 ["clearly frivolous" action under the False Claims Act is one devoid of merit].)

## B.

### *Prevailing Party*

Of course, a prevailing party cannot be deemed to have brought a clearly frivolous action. Crews's first challenge to the award of attorney fees and costs is to argue he –- rather than the District –- was the prevailing party. In his view, his receipt of the documents he requested from the District means he prevailed under the PRA. We reject the contention.

Mere receipt of documents does not necessarily mean the plaintiff prevailed in a PRA case because the request alone might have caused the documents to be released. "A plaintiff prevails within the meaning of section 6259, subdivision (d), ' "when he or she files an action which results in defendant releasing a copy of a previously withheld document." [Citation.]' (*Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1391; *Belth v. Garamendi* (1991) 232 Cal.App.3d 896, 898.) An action under the [PRA] results in the release of previously withheld

15

documents 'if the lawsuit motivated the defendants to produce the documents.' (*Rogers v. Superior Court* (1993) 19 Cal.App.4th 469, 482; *Motorola Communication & Electronics, Inc. v. Department of General Services* (1997) 55 Cal.App.4th 1340, 1344.) 'Cases denying attorney fees to a plaintiff under the act have done so because substantial evidence supported a finding that the "litigation did *not* cause the [agency] to disclose any of the documents ultimately made available. . . ." [Citations.]' (*Los Angeles Times v. Alameda Corridor Transportation Authority, supra*, at p. 1391.)" (*Galbiso v. Orosi Public Utility Dist*. (2008) 167 Cal.App.4th 1063, 1085.)

In this case, the trial court found "[t]he service of [Crews's PRA] writ did not result in any benefit whatsoever to [Crews]." The record supports the trial court's finding. Upon receiving Crews's request, the District responded it would comply with his request but withhold documents exempt from disclosure. Although the District indicated its limited resources would require time to produce the documents, it did not refuse to comply with the PRA request. Crews ultimately received all of the records to which he was entitled. The trial court found the District had not erred in withholding even a single document among the thousands for which an exemption or privilege was claimed. Although the District inadvertently omitted a small number of attachments to the e-mails, the oversight appears to have been corrected promptly and voluntarily. In short, the trial court's finding that the PRA petition did not cause the release of any documents is well supported. Consequently, Crews is not the prevailing party in the PRA action.

## C.

### *Whether Crews's PRA Petition was Frivolous*

The conclusion that an action lacks merit does not determine whether it was frivolous. As the *Flaherty* court noted, "Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win."

16

(*Flaherty, supra*, 31 Cal.3d at p. 650.) Thus, Crews's failure to prevail on his PRA claims does not mean his case was utterly devoid of merit or brought solely to harass Olmos or the District. (*Lesser v. Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 935; see also *Marriage of Gong and Kwong* (2008) 163 Cal.App.4th 510, 518 [lack of merit alone did not establish that an appeal was frivolous].) Based on our examination of the proceedings in the trial court, we conclude Crews's petition was not completely lacking in merit or brought for an improper purpose.

When Crews filed his PRA petition, he had not yet received any documents pursuant to his request –- even though the documents had been promised to him that day. His petition alleged he had requested documents from the District to which he was entitled under the PRA. That claim to documents was legally sound, as the District itself acknowledged. The trial court's finding that the PRA petition was frivolous was not based on Crews's filing of the PRA petition, but on the service of the petition after the District had started providing the requested documents.

By the time Crews served his petition, he had already received the first batch of documents from the District. However, the District –- from the beginning –- asserted it would withhold documents subject to an exemption or privilege. Crews's focus in the PRA case appears to have changed from securing *any* documents to testing whether the District had properly withheld documents. Here, no reasonable attorney could have declared the PRA action to have been frivolous in challenging the propriety of withholding documents claimed to be exempt or privileged. The District withheld documents without enumerating those documents or the particular exemption or privilege that applied to each document. Thus, there was the potential that the trial court's in camera review would reveal Crews was entitled to at least some withheld documents. Although Crews was ultimately unsuccessful in securing any withheld documents, his efforts were not frivolous.

Crews's efforts at securing the documents withheld by the District under claims of exemption or privilege were not rendered frivolous by his failure to seek a neutral third party to review the withheld documents. The trial court stated: "The only conceivable reason for service of the writ may have been in connection with the documents protected by a claimed privilege. However, it appears to this court that the parties certainly could have agreed to a neutral [party] to resolve any issue presented before application was made to the court through the formal writ proceeding." (Italics omitted.) As we have explained, Crews's petition was not frivolous insofar as it represented his attempt to challenge the District's withholding of documents claimed to be exempt from disclosure. There is no requirement that the parties seek review by a neutral third party before filing a PRA petition. Section 6259 does not condition the filing of a PRA petition on a requirement that a requester first seek alternative means for resolving issues regarding claims of exemption or privilege for withheld documents.[9] Consequently, the failure to

---

[9]    In pertinent part, section 6259 provides: "(a) Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he or she should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and any oral argument and additional evidence as the court may allow. [¶] (b) If the court finds that the public official's decision to refuse disclosure is not justified under Section 6254 or 6255, he or she shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure."

Although an alternative exists for in camera review of withheld documents (see, e.g., *American Civil Liberties Union of Northern California v. Superior Court* (2011) 202 Cal.App.4th 55, 82-87 [noting availability of procedure in which the responding public agency may be required to produce an index of withheld documents that includes an

18

enlist a neutral party's help in resolving a conflict over the withholding of documents cannot render Crews's PRA petition frivolous.

Finally, Crews renews his argument the PRA action was an attempt to secure the e-mails in their native format for the information that might have been revealed by their metadata. The format of the e-mails was a vigorously contested issue. Crews argued he conditionally agreed to accept e-mails in a PDF format only to the extent the District agreed to expedite production of all the requested e-mails. As rolling production progressed, Crews argued the District was not timely producing the requested e-mails. By contrast, the District believed it was complying with the condition to produce the remaining e-mails by a reasonable date. The parties' agreement to produce the requested e-mails "by a reasonable date" lacked any definition of what a reasonable timeline would be. Thus, it remained uncertain whether the scanned e-mails were received in a timely manner (and therefore in a permissible PDF format) until the trial court resolved the issue in the District's favor. Until the trial court's finding, no attorney could have been certain about the outcome of the issue. Consequently, Crews's pursuit of e-mails in native format was ultimately unsuccessful, but not frivolous.

As to improper motive, we note the District does not allege, and the trial court did not find, that Crews brought his request under the PRA to harass Olmos or the District. Here, the record shows Crews's PRA request was based on his decision to engage in a journalistic investigation of whether Olmos or the District misused public property. The record does not indicate any intent to harass Olmos or the District.

In sum, Crews's PRA petition was not utterly devoid of merit or taken for an improper motive. Consequently, his action was not frivolous and he should not have

---

enumeration of exemptions claimed for each document]), it is not mandatory. (§ 6259, subds. (a) & (b).)

19

been ordered to pay attorney fees and costs to the District under section 6259, subdivision (d).**10**

DISPOSITION

The judgment is reversed to the extent it orders Tim Crews to pay attorney fees and costs under Government Code section 6259.  Tim Crews's appeal from the post-judgment order determining the amount of attorney fees and costs, filed October 11, 2011, is dismissed.  Tim Crews shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


　　　　　　　　　　　　　　　　　　　　　　HOCH　　　　　　, J.


We concur:


　　　　BLEASE　　　　　, Acting P. J.


　　　　BUTZ　　　　　, J.


--------

**10**　　Our conclusion that Crews should not have been ordered to pay attorney fees and costs for a frivolous PRA request obviates the need to consider whether the award (1) exceeded Crews's ability to pay, or (2) exerted an impermissible chilling effect on other journalists from making PRA requests.