Filed 7/9/14  New Castle Beverage v. Spicy Beer Mix CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NEW CASTLE BEVERAGE, INC. et al., | B249205 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. GC051058) |
| v. | |
| SPICY BEER MIX, INC. et al., | ORDER MODIFYING OPINION AND DENYING REHEARING, NO CHANGE IN JUDGMENT |
| Defendants and Respondents. | |

THE COURT:

It is ordered that the opinion filed herein on June 17, 2014, be modified as follows:

On page 2, second paragraph under "Factual and Procedural Background," add "According to New Castle," at the beginning of the first sentence, so the sentence reads as follows:

> According to New Castle, Robert Montiel worked for Manugian at New Castle.

There is no change in the judgment.  Appellants' petition for rehearing is denied.

_____        _____        _____
PERLUSS, P. J.                WOODS, J.                        SEGAL, J.*

_____

\*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/17/14 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NEW CASTLE BEVERAGE, INC. et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> SPICY BEER MIX, INC. et al., <br><br> Defendants and Respondents. | B249205 <br><br> (Los Angeles County <br> Super. Ct. No. GC051058) |

 

APPEAL from an order of the Superior Court of Los Angeles County, C. Edward Simpson and Jan A. Pluim, Judges. Affirmed.

Law Office of Niria M. Arvizu, Niria M. Arvizu and Frederick Gotha for Plaintiffs and Appellants.

Law Offices of Gregg A. Rapoport and Gregg A. Rapoport for Defendants and Respondents.

_____

# INTRODUCTION

Plaintiffs New Castle Beverage, Inc. and Ricky Monugian appeal from an order denying their motion for preliminary injunction to enjoin alleged misappropriation of their trade secrets by defendants Spicy Beer Mix, Inc., Gregory Murkijanian, Sr., and Premier Foods, LLC. New Castle and Monugian, however, have not presented arguments supported by citations to evidence in the record that the trial court abused its discretion in finding that they did not meet their burden on three factors required for a preliminary injunction: (1) irreparable injury, (2) balance of the harms, and (3) likelihood of success on the merits. (See *Hunt v. Superior Court* (1999) 21 Cal.4th 984, 999; *Costa Mesa City Employees Assn. v. City of Costa Mesa* (2012) 209 Cal.App.4th 298, 305.) Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Monugian was owner and president of New Castle. In October 2010 Monugian developed a beverage cup product containing a spicy mix around the rim and inside the cup. The product was called "Micheladas Antojitos." Monugian claims as his trade secrets the development of the formulas for the spice mixtures, the solution that allows the spice mixture to adhere to the cups, and the devices and processes for applying the spices to the beverage cup. Monugian granted New Castle an exclusive license to use his trade secrets to make the "Micheladas Antojitos" spicy beverage cup.

Robert Montiel worked for Monugian at New Castle. Montiel had access to and knowledge of New Castle's trade secrets and other confidential proprietary information. Montiel knew he had a duty not to disclose the trade secrets, and he signed a nondisclosure agreement. Montiel then left New Castle.

Several months later, defendant Greg Murkijanian contacted Montiel and induced him to disclose New Castle's trade secrets so that Murkijanian could develop and market a competing spicy beverage cup product. Using New Castle's trade secrets, Montiel

developed and manufactured for Murkijanian a spicy beverage cup known as "Cheveladas."

Murkijanian was the owner and president of defendant Spicy Beer. The company had four employees, all of whom had access to New Castle's trade secrets. In 2011 Spicy Beer began manufacturing the Cheveladas cup in facilities rented from Premier. In 2012 Premier contracted with Murkijanian to manufacture Cheveladas beverage cups for Spicy Beer.

From April through December 2012, counsel for New Castle and Monugian sent letters demanding that Premier cease infringing on a cup design patent issued to Monugian for an ornamental beverage holder and cease using and disclosing New Castle's trade secrets in the production of the Cheveladas beverage cup. Counsel for Premier responded that Premier "does not manufacture the products referred to in your letter and is not otherwise engaged in any infringement of the product." After several more cease and desist letters, counsel for Premier wrote that "Premier has no knowledge of any trade secrets, or the misappropriation of any trade secrets, of New Castle. Premier has never had any knowledge of or access to any trade secrets of New Castle. You are welcome to take up any dispute you may have with [Spicy Beer] directly with that entity." At some point, New Castle and Monugian filed a patent infringement action in federal court.

On March 7, 2013 New Castle and Monugian filed this action for misappropriation of trade secrets (Civ. Code, § 3426 et seq.), conspiracy to misappropriate trade secrets (*ibid*.), and unfair competition under Business and Professions Code section 17200 et seq. They alleged: "Without revealing their exact nature and thus their secrecy, the proprietary, confidential, and/or trade secrets of Plaintiffs includes, but is not limited to, the following . . . :

"a) the process of applying a secret solution to the inner and outer surfaces adjacent the lip of a beverage cup to permit a first mixture of spices to adhere to those surfaces;

"b)    an apparatus specially designed by Ricky Monugian, that distributes the secret solution to the inner and outer surfaces adjacent the lip of the beverage cup; and

"c)    the sequence in which pre-determined quantities of the ingredients of a second mixture are blended."

New Castle and Monugian sought preliminary and permanent injunctions to prevent the use and disclosure of their trade secrets, as well as damages, disgorgement of profits, and an accounting.  Concurrently with the filing of the complaint, counsel for New Castle and Monugian gave notice of an ex parte application for a temporary restraining order and order to show cause regarding a preliminary injunction.  The trial court subsequently denied the application for a temporary restraining order but issued the order to show cause.

On April 5, 2013 the trial court denied the application by New Castle and Manugian for a preliminary injunction.  The court ruled:  "Plaintiff has failed to carry its burden to demonstrate that it does not have an adequate remedy at law.  Further, plaintiff has failed to describe its alleged trade secrets with enough particularity to allow the court to issue an enforceable preliminary injunction.  With respect to the apparatus or machine, plaintiff has failed to establish how it differs from what a person skilled in the field of food preparation would design.  Finally, the apparatus is not protected by patent."  On June 3, 2013 New Castle and Monugian filed a timely appeal.[1]

---

[1]    The notice of appeal states that New Castle and Monugian are appealing from the "Order to Show Cause re Preliminary Injunction . . . ."  The March 8, 2013 order granted the request by New Castle and Monugian for an order to show cause and set a hearing date for the application for a preliminary injunction.  We liberally construe the notice of appeal to refer to the April 5, 2013 order denying the application for a preliminary injunction.  (See *Luz v. Lopes* (1960) 55 Cal.2d 54, 59 ["it is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced"]; accord, *In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

**DISCUSSION**

A.     *Standard of Review*

"Appellate review of a trial court's order granting or denying a motion for preliminary injunction generally is 'limited to whether the trial court's decision was an abuse of discretion.' [Citations.] 'A trial court will be found to have abused its discretion only when it has "'exceeded the bounds of reason or contravened the uncontradicted evidence.'"' [Citation.] The burden rests with the party challenging a trial court's decision to grant or deny a preliminary injunction to make a clear showing of an abuse of discretion. [Citation.]" (*SB Liberty, LLC v. Isla Verde Assn., Inc.* (2013) 217 Cal.App.4th 272, 280-281; see *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1047 ["[o]n appeal, '[w]e review an order granting a preliminary injunction under an abuse of discretion standard'"].) "An order denying an application for a preliminary injunction may be reversed only if the trial court abused its discretion with respect to *both* the question of success on the merits and the question of irreparable harm. [Citation.]" (*Marken v. Santa Monica-Malibu Unified School Dist.* (2012) 202 Cal.App.4th 1250, 1260.) "Whether the trial court granted or denied a preliminary injunction, the appellate court does not resolve conflicts in the evidence, reweigh the evidence, or assess the credibility of witnesses. [Citation.]" (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1450.)

B.     *New Castle and Monugian Have Not Shown That the Trial Court Abused Its Discretion in Denying Their Motion for a Preliminary Injunction*

Civil Code section 3426.1, subdivision (d), part of the Uniform Trade Secrets Act (UTSA) adopted by California, provides: "'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: [¶] (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [¶] (2) Is the subject of efforts that are reasonable under the

circumstances to maintain its secrecy." (See *DVD Copy Control Assn., Inc. v. Bunner* (2004) 116 Cal.App.4th 241, 251 ["the test for a trade secret is whether the matter sought to be protected is information (1) that is valuable because it is unknown to others and (2) that the owner has attempted to keep secret"].) Civil Code section 3426.2 authorizes the court to issue an injunction to protect trade secrets from actual or threatened misappropriation. The principles governing preliminary injunctions in general apply to preliminary injunctions under the UTSA. (*DVD Copy Control Assn., Inc.*, *supra*, at p. 250; *Hilb, Rogal & Hamilton Ins. Services v. Robb* (1995) 33 Cal.App.4th 1812, 1820, fn. 4.)

"'[B]efore the trial court can exercise its discretion the applicant must make a prima facie showing of entitlement to injunctive relief. The applicant must demonstrate a real threat of immediate and irreparable injury [citations] due to the inadequacy of legal remedies.' [Citation.]" (*Choice-in-Education League v. Los Angeles Unified School Dist.* (1993) 17 Cal.App.4th 415, 422; see *Costa Mesa City Employees Assn. v. City of Costa Mesa*, *supra*, 209 Cal.App.4th at p. 305 [applicant must "'present evidence of the irreparable injury or interim harm that it will suffer if an injunction is not issued pending an adjudication of the merits.'"]) A showing of irreparable injury is a "threshold requirement." (*Costa Mesa City Employees Assn.*, *supra*, at p. 305.)

New Castle and Monugian provided no evidence on the issue of whether they would suffer irreparable injury pending an adjudication of the merits of their claims against Spicy Beer and Premier. There was no mention of interim irreparable injury or the inadequacy of money damages in any of the declarations filed by New Castle and Monugian in support of their application for a preliminary injunction. New Castle and Monugian did allege in their complaint that they "will suffer irreparable harm" and that they "have no adequate remedy at law." Such allegations, however, are insufficient, even where, as here, the complaint is verified. (See *E. H. Renzel Co. v. Warehousemen's Union* (1940) 16 Cal.2d 369, 373 ["[a] mere allegation that [irreparable] injury will result is not sufficient"]; *Leach v. City of San Marcos* (1989) 213 Cal.App.3d 648, 661 [same].) Moreover, New Castle and Monugian do not argue on appeal that the trial court erred in

finding that they had not met their burden on the element of irreparable harm, thus forfeiting the issue. (See *Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2012) 212 Cal.App.4th 1181, 1196 [failure to raise an issue, or raising an issue without supporting it with reasoned argument and citation to the record, forfeits any contention of error]; *Olvera v. El Pollo Loco, Inc.* (2009) 173 Cal.App.4th 447, 458 [failure to argue an issue on appeal forfeits any claim of error regarding that issue].)

Even if New Castle and Monugian had made an adequate showing of irreparable injury, and had argued that the trial court abused its discretion in finding a lack of irreparable injury, New Castle and Monugian do not argue that the trial court abused its discretion in finding that they did not satisfy the other factors the trial court must consider for a preliminary injunction: Likelihood of prevailing on the merits and a balance of the harms favoring interim equitable relief. (*White v. Davis* (2003) 30 Cal.4th 528, 554; see *Hunt v. Superior Court*, *supra*, 21 Cal.4th at p. 999 ["trial court weighs two interrelated factors: the likelihood the moving party ultimately will prevail on the merits, and the relative interim harm to the parties from the issuance or nonissuance of the injunction"]; *Alliant Ins. Services, Inc. v. Gaddy* (2008) 159 Cal.App.4th 1292, 1299 [factors considered by the court are "(1) the likelihood that the plaintiffs will prevail on the merits at trial, and (2) the interim harm that the plaintiffs are likely to sustain if the injunction were denied as compared to the harm the defendant is likely to suffer if the preliminary injunction were issued"].) Although New Castle and Monugian complain that the trial court erred by placing on them the burden to establish how their trade secret device differed from a machine designed by anyone else in the food preparation field, and by believing that applying for a patent was an adequate remedy, they do not argue, with citations to the applicable law and evidence, that they had a likelihood of success in the litigation. Nor do New Castle and Monugian argue (or even address the issue of whether) the interim harm they would likely suffer without a preliminary injunction outweighed the harm Spicy Beer and Premier would likely suffer if the court were to issue a preliminary injunction. New Castle and Monugian have forfeited appellate review of this issue as well.

Finally, New Castle and Monugian do not address another basis for the trial court's denial of their request for a preliminary injunction: whether they even have any trade secrets to protect with an injunction. "'It is critical to any [UTSA] cause of action—and any defense—that the information claimed to have been misappropriated be clearly identified. Accordingly, a California trade secrets plaintiff must, prior to commencing discovery, "identify the trade secret with reasonable particularity." (Code Civ. Proc., § 2019.210; see Lemley, *The Surprising Virtues of Treating Trade Secrets as IP Rights* [(2008)] 61 Stan. L.Rev. [311,] 344 [plaintiff should be required to "clearly define[] what it claims to own, rather than (as happens all too often in practice) falling back on vague hand waving"].)' [Citation.] '[U]ntil the content and nature of the claimed secret is ascertained, it will likely be impossible to intelligibly analyze the remaining' elements that constitute the cause of action. [Citation.]" (*Altavion, Inc. v. Konica Minolta Systems Laboratory Inc.* (2014) 226 Cal.App.4th 26, 43, fn. omitted; see *DVD Copy Control Assn., Inc. v. Bunner*, *supra*, 116 Cal.App.4th at p. 251 ["[i]n order to obtain an injunction prohibiting disclosure of an alleged trade secret, the plaintiff's first hurdle is to show that the information it seeks to protect is indeed a trade secret"].)

The trial court questioned whether New Castle and Monugian had any trade secrets because of the lack of details in their trade secret designation and their failure to describe their trade secrets with sufficient particularity. The court expressed concern that "what we need is a description with sufficient particularity," and the court asked, "If I were [to] grant your [requested] preliminary injunction on the record as it stands right now, how would we ever know whether it was violated or not?" On appeal, New Castle and Monugian do not address these concerns by making a well-reasoned argument that their trade secret designation was sufficiently specific to justify an injunction prohibiting use of their claimed trade secret information. New Castle and Monugian assert in their reply brief, without citing to any evidence, that "the sufficiency of the disclosure could have been resolved by simply viewing the device" and that "had the trial court viewed the device, the boundaries of an injunction would have been easier to fashion." They do not explain, however, how a physical inspection of the device would reveal the precise nature

and description of their secrets or guide the court in crafting an appropriate injunction, nor how such an inspection would be relevant to the alleged trade secrets in the spice mixture and blending.  (See *Religious Technology Center v. Netcom On-Line Communication Services, Inc.* (N.D.Cal. 1995) 923 F.Supp. 1231, 1252 [court "not satisfied that plaintiffs have identified their trade secrets with sufficient definiteness to support injunctive relief"].)

New Castle and Monugian have failed to present argument, and cite to evidence in the record in support of any argument, on the issues of irreparable injury, balancing of the interim harms, and likelihood of success on the merits.  There is no basis for concluding that the trial court abused its discretion in denying the motion by New Castle and Monugian for a preliminary injunction.

### C.	*The Appeal Is Not Frivolous*

Spicy Beer and Premier filed a motion for monetary sanctions to recover their attorneys' fees incurred in responding to this appeal.  (See Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276.)  They assert that the appeal is frivolous because New Castle and Monugian did not even address the issue of irreparable harm.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment— or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)  "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions."  (*Ibid.*; see *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218.)  The power to impose sanctions for a frivolous appeal ""'"in all but the clearest cases . . . should not be used." [Citation.]'"  (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1381.)  The appeal by New Castle and Monugian is meritless, failing to address relatively basic issues in the law governing preliminary injunctions and trade secrets, but it is not frivolous.

## DISPOSITION

The order is affirmed.  The motion by Spicy Beer and Premier for sanctions is denied.  The application by New Castle and Monugian for later transmittal of evidence and to file under seal is denied.  Spicy Beer and Premier are to recover their costs on appeal.


SEGAL, J.[*]


We concur:


PERLUSS, P. J.


WOODS, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.